CASE 4—PETITION EQUITY—DECEMBER 13.

# Phalan v. Louisville Safety Vault and Trust Co.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. SALES OF INFANTS' REAL ESTATE — In an action by appellee, as guardian, against the widow and heirs of a decedent, its ward being one of two infant heirs, and against the guardian of the other infant heir, asking a sale of land of the decedent lying in several different counties, for the purpose of reinvestment, the petition alleged that no division could be had without impairing the value of the interest of the children, and that a sale would be to the interest of its ward. The widow and adult children filed an answer consenting to the sale, and asking a division of the proceeds. The guardian, who was made a defendant, filed his answer, asking a sale and reinvestment for the benefit of his ward. The evidence sustained the allegations of the petition. *Held*—It was proper for the court, under sections 489 and 490 of the Code, to sell the property and make investments for the infant defendants.

2. SAME—It was not necessary that the guardian who filed an answer asking a sale and reinvestment for his ward, should make his ward a defendant to his pleading, she being a defendant to the original action.

3. SAME—JURISDICTION—It was not necessary for the guardian to institute separate suits in the several counties in which the land was situated. The action was properly instituted in the county in which the ancestor died, the children all lived, and much of the real estate was located, which was the jurisdiction to order a partition, if a partition could have been had; and that court had power to grant complete relief, the subject of the action being the division of the proceeds of the land between the heirs.

4. SAME—In such a case it is not necessary for the plaintiff to execute bond; but, if bond was necessary, a bond executed by the plaintiff in the name of its president was sufficient under its charter without personal security.

WM. CARROLL FOR APPELLANT.

1. In order that the court may have jurisdiction to sell the land of an infant at the suit of the guardian, it is necessary that the infant be made a defendant. (Walker v. Smyser, 80 Ky., 620; Civil Code, secs. 489, 498.)

2. The court has no jurisdiction to decree the sale of lands of the infant when a portion thereof is in another county than that in which the

suit is brought. (Civil Code, sec. 62; Harlan v. Howard, 79 Ky., 377; McAllister v. Savings Bank, 80 Ky., 689; Bogard & Bro. v. Buckner, 5 Ky. L. R., 586; Fisher v. Green, 9 Ky. L. R., 960.)

3. The sale was void, because bond was not executed to ward. (Civil Code, sec. 493; Barnett v. Bull, 81 Ky., 127.)

JOHN C. RUSSELL, J. C. DODD AND DODD & GRUBBS FOR APPELLEE.

When any part of the land of an infant lies in the county where the action is brought the court has jurisdiction to sell other lands anywhere in the State. (Gen. Stat., chapter 63, article 3, section 1; Civil Code, section 62; Civil Code, chapter 14, title 10; Kendall v. Briggs, 81 Ky., 119; Barnett v. Bull, 81 Ky., 127; Shelby v. Harrison, 84 Ky., 145.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The statutory guardian of Eliza Sutfield filed its petition against its ward, Eliza, and her infant sister Florence, and her statutory guardian, John H. Leathers, the widow and two adult children of the decedent, all of whom are made defendants, asking the sale of two tracts of land owned jointly by the defendants, lying in Henry, Oldham and Hardin counties, and the sale of some city lots in Louisville for the purpose of reinvestment, alleging that the sale of all the property will redound greatly to the interest of its ward. The adult heirs and the widow file an answer, in which they consent to the sale, and ask a division of the proceeds; the widow agreeing to accept the value of her dower in money, and joining in the prayer of the petition. Leathers, the guardian of Florence, both being served with process, filed his answer asking a sale of the entire property for the benefit of his ward, and an investment of the proceeds so as to produce an income. His ward, Florence, is not made a defendant to his pleading, but is a defendant to the original action.

The testimony in this case makes out a much stronger reason for selling the property than is alleged in the petition. It appears that the decedent and ancestor of these parties owned an estate valued at about one hundred and twenty thousand dollars, with an indebtedness of forty thousand dollars; that liens existed on some of the property for the purchase money; that the family dwelling in Louisville was worth about twenty thousand dollars, and no sufficient income to keep it up and maintain the family. Under such circumstances, the widow and adult heirs consenting, it was proper to sell the land in Henry and Hardin counties, and make other investments that would produce an income and prove more beneficial to the parties in interest. The object is to sell and reinvest the money, and this is expressly authorized by subsection 5, of section 489, Civil Code. It is said, however, that Leathers, the guardian of Florence, failed to make her a defendant, and although a defendant to the original petition filed by the guardian of her sister Eliza, it was necessary that Florence should be made a defendant to the answer of her guardian who consents to the sale. We think not. Section 490 of the Code authorizes a sale where the property can not be divided without materially impairing its value or the value of the plaintiff's interest therein. Here is a joint interest, where it is evident that a sale is for the benefit of all, not only to pay the debts, but to afford an income as well as to divide the proceeds between those interested.

The widow and the two adult children all ask for the sale, and both of the infants are before the court.

Should the chancellor, under the circumstances, make such an allotment as would compel the widow to retain the dwelling, and with the balance of the estate pay off the indebtedness, leaving nothing upon which to support the children. The adults are entitled to a division of the land. The suit for partition must have been instituted in Louisville where the father lived at his death, under an express provision of the Code. Section 66, Carroll's Code. Now, no division can be had without impairing the value of the interest of the children. It is so alleged by the guardian of Eliza, and that fact established by the proof. Such being the case, it was proper for the court, under sections 489 and 490 of the Code, to sell the property and make investments for the infant defendants. The only question is, had the Chancery Court of Louisville jurisdiction of the entire realty with the power to sell the land in Henry county (a part being in Oldham). We think the subject of the action was the division of the proceeds of the land between the heirs on the ground that no allotment in kind could be made without impairing the value of each interest; that no step could have been taken in but one jurisdiction so as to give complete relief. In that jurisdiction the ancestor died, the children all lived, and much of the real estate was located; it was the jurisdiction to order the partition, and none other could have made the allotment. If so, we perceive no reason why the petition was not properly filed in the Louisville Chancery Court setting forth the fact that no division could be made without impairing the value of the property and

asking a sale for reinvestment. The Code provides, concerning real property, that "Actions must be brought in the county in which the subject of the action or some part thereof is situated." Now, the subject of the action here is the partition of the lands or its proceeds between these heirs, or rather a sale, as no division could be had without impairing the value of each child's interest, a part of the subject of the action being within the jurisdiction in which the relief is sought by the plaintiff against others equally interested. The jurisdiction was properly entertained, and it was not necessary for this guardian to have instituted separate suits in Hardin, Henry and Jefferson counties, alleging the same state of facts in order to a division of the estate. This case is different from enforcing a mortgage lien, or bringing an action of ejectment for the recovery of real estate, or the ordinary sales of infants' real estate.

It is objected by the appellant that no bond was executed by the guardian of the infant, as required by the statute. A bond was executed by Leathers, as the guardian of Florence, with sureties, and a bond executed by the Louisville Safety Vault and Trust Company, the guardian of Eliza, under a provision of its charter that provides: "The capital of said company shall be taken and considered as the security required by law for the faithful performance of its duties, and other security shall not be required upon its appointment to any of the offices or duties mentioned herein," Acts 1883–'84, vol. 2, p. 280. Now, if the bond is good, executed by its President alone,

as guardian, when he qualifies, it should be held good as to all the duties required of or permitted to be performed by the guardian on account of his appointment. The company or corporation has appeared and executed its bond in the name of the President, as required by the statute authorizing the sale of infants' real estate; its capital stock is bound, and the Legislature having seen proper to invest the corporation with this power, and deeming the capital stock as safe as individual security, we can not interfere with the judgment on that account. Besides, in a case like this, as held in Kendall vs. Briggs, 81 Ky., 119, no bond was necessary; but if it was, the bond was executed.

The judgment below, overruling the exceptions to the commissioner's report, is affirmed.