## Bowles, et al. v. Bowles, Jr.'s, Administratrix, et al.

(Decided November 17, 1925.)

### Appeal from Pike Circuit Court.

1.   Executors and Administrators—Nonresidence of Administratrix Held Immaterial, where She also Sued as Distributee.—Where administratrix was surviving widow of deceased, and sued for settlement of estate, not only as administratrix, but also in her own right as distributee under Civil Code of Practice, section 428, as amended by Laws 1918, c. 155, fact that she was nonresident of state at time of appointment and therefore not authorized to sue as administratrix held immaterial.

2.   Infants—Land of Infant Sold to Pay Debt of Ancestor Only in Action Brought Against Infant Under Statute.—Considering Civil Code of Practice, section 428, as amended by Laws 1918, c. 155, in connection with section 489, it is manifest that real estate of infant be sold by court of equity to pay debt or liability of infant's ancestor only in action brought against infant under section 428.

3.   Infant—Action by Infant Suing by Next Friend Held Unauthorized, and Judgment Directing and Confirming Sale Held Void.—Where, on decedent's death all land descended to and vested in his two year old daughter, subject to rights of window and creditors to subject it to payment of debts, action by infant, suing by her next friend, to sell vested interest of infant, held unauthorized; it not being action brought against infant pursuant to Civil Code of Practice, section 428, as amended by Laws 1918, c. 155, as required by section 489.

AUXIER & HINTON for appellants.

O. A. STUMP and O. M. VICARS for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

In the action of Nola Bowles, administratrix of the estate of John C. Bowles, Jr., deceased, and others, plaintiffs, against Malinda Bowles Rutroff, and others, defendants, pending in the Pike circuit court, the chancellor adjudged the sale of an undivided one-fifth interest in a tract of land in that county. Appellants, Mack G. Bowles and C. C. Bowles, became the purchasers. The sale was reported by the commissioner. The purchasers filed exceptions, which the court overruled. The sale was thereupon confirmed, and this appeal has been prosecuted by appellants, the purchasers, from the judgment confirming the sale.

The interest in the tract of land appears to have been sold in an action by Nola Bowles, administratrix of the estate of John C. Bowles, Jr., Nola Bowles in her own right, and Joe Mack Bowles, an infant who sued by her mother, Nola Bowles, as next friend, as plaintiffs against the creditors of John C. Bowles, Jr., and certain persons to whom in his lifetime he had conveyed real estate owned by him, as defendants, and the object of the action was to cancel the deeds made by decedent, to settle his estate and to sell enough of his real estate to settle his debts. The only question involved herein is the validity of the sale to appellants of the one-fifth interest in the land purchased by them.

It is insisted for appellants, first, that the evidence discloses that Nola Bowles, who qualified as administratrix of the estate of John C. Bowles, Jr., was a nonresident of the state of Kentucky at the time of her appointment and that, therefore, her appointment was unauthorized and the action was improperly prosecuted by her as administratrix of John C. Bowles, Jr. We find that question to be immaterial, however, in view of the fact that she prosecuted the action not only as administratrix of the estate of John C. Bowles, Jr., but also in her own right. She was the surviving widow of John C. Bowles, Jr. In the very recent case of Allen v. Foth, et al., 210 Ky. 343, it was held that the widow is a distributee of a deceased person within the meaning of section 428 of the Civil Code, which provides:

"A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate."

Appellants insist that the infant, Joe Mack Bowles, was not properly before the court in the action and that, therefore, she was not divested of her interest in the land sold herein by the judgment directing its sale and that confirming the same. The infant, Joe Mack Bowles, was made a party plaintiff to the action by her mother, Nola Bowles, suing as her next friend. The infant does not appear to have a guardian, curator or committee. No guardian ad litem was appointed for her. Appellants' objection to the manner in which the infant was made a party to this action was aimed at the nonresidence of both the infant and her next friend. Subsection 3 of section 35 of the Civil Code of Practice provides that the

action of an infant who resides in this state who has no guardian, curator or committee residing herein, or whose guardian, curator or committee refuses to sue, or his action against a guardian, curator or committee, may be brought by his next friend. Subsection 4 of the same section provides that the action of an infant who resides in a foreign country and who has a guardian, curator or committee residing therein may be brought by such guardian, curator or committee or by his next friend. Section 37 of the Code provides that no person shall sue as next friend unless he reside in this state. Appellants contend that since the infant herein was a nonresident and the person suing as her next friend was a nonresident, she was without authority to maintain the action as next friend of the infant; that therefore the infant was not before the court and her interest in the land sold herein has not been affected by the sale. We find, however, that the record presents the question of fact whether or not Nola Bowles, who sued as next friend of the infant, and the infant herself, were nonresidents of the state. While the judgment does not indicate such to be the case, we assume that the trial court determined as a matter of fact that both the next friend and the infant were residents of the state of Kentucky. We find, however, a more serious question presented by the record, because of which we deem it unnecessary to review the trial court's conclusion that the next friend and infant were residents of the state of Kentucky. Section 428 of the Civil Code of Practice, provides:

> "A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate (provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative.)"

That section of the Code considered alone would seem to give authority for an action by an infant who is a legatee or distributee of a deceased person for the settlement of the decedent's estate; provided, of course, the action be instituted in some of the ways otherwise provided by the Code of Practice by which a person under the disability of infancy may institute on action. We find, however, that section 428 of the Code does not stand alone when the action to settle the estate of the decedent

involves a sale of all or a portion of the real estate which the decedent owned when he died, which descended to an infant heir or passed to an infant legatee, and which is sought to be sold to pay debts owing by the decedent. When such is the case, section 428 must be read in connection with section 489 of the Code of Practice, which provides:

"A vested estate of an infant or of a person of unsound mind, in real property, may be sold by order of a court of equity:

"1. For the payment of any debt or liability of his ancestor or devisor with which he may be legally chargeable, in an action brought against him pursuant to section 428; or in an action brought against him by a creditor of the ancestor or devisor, unless it be enjoined pursuant to section 436."

Considering the two sections together, it is manifest that the legislature has provided that the real estate of an infant may be sold by a court of equity to pay the debt or liability of the infant's ancestor only in an action brought against the infant pursuant to section 428 of the Code.

It appears herein that the infant, Joe Mack Bowles, less than two years of age, is the only child and heir at law of the deceased person, John C. Bowles, Jr. Upon his death all of his real estate descended to and became vested in his infant child, subject to the rights of his surviving widow as such therein and subject to the rights of his creditors to subject it to the payment of his debts. Section 489, supra, expressly provides that the latter may be done only by action brought against the infant pursuant to the provisions of section 428. No authority other than that granted by section 489 of the Code exists for the sale of the vested estate of an infant in real property to pay the debts of his ancestor. Inasmuch as this action, in so far as it sought to sell the vested interest of the infant in real estate inherited by her from her father for the payment of his debts, was not an action brought against the infant pursuant to section 428, but was an action by the infant suing by her next friend, it necessarily follows that the action was wholly unauthorized and the judgment directing the sale and the judgment confirming the sale are void and do not affect the interest owned by the infant in the land attempted to be sold. (See Wyatt's Trustee, et al. v. Grider, et al., 158 Ky. 440; Wornack v.

Loar, 11 Ky. L. R. 6, 11 S. W. 438; Hartman v. Fast, 145 Ky. 402; Tyler v. Jewell, 10 Ky. L. R. 887, 11 S. W. 25.)

The other objections offered by appellant being peculiar to the condition of the record as presented will doubtless be removed before another sale is had. Upon the return of the case the petition may be amended by making the infant a party defendant and bringing her before the court as the Code provides, and upon a proper showing that it is necessary enough real estate in which she owns a vested interest inherited from her father may be sold to pay his debts.

Wherefore, the judgment herein is reversed and this cause is remanded, with directions that the sale be set aside, and for further proceedings consistent herewith.