## Huffman v. Bowles, et al.

(Decided December 14, 1927.)

## Appeal from Pike Circuit Court.

1. Executors and Administrators.—Where the purchaser of land sold by an administratrix to pay debts of decedent, excepted to the order confirming the sale on the ground that steps had been taken in the proceeding to sell the lands before the warning order attorney for a nonresident infant, who was to be made a party defendant, had made his report, held, that the fact that such steps were then taken did not render proceedings erroneous, where no prejudice to the infant ensued.

2. Executors and Administrators.—As a general rule, a nonresident should have an opportunity to be represented at the hearing before the master commissioner, when the commissioner is considering proofs of claims against a decedent's estate.

3. Executors and Administrators.—Where a master commissioner was considering proofs of claims against a decedent's estate, the fact that a nonresident infant was not represented at the hearing did not make the proceeding irregular, in absence of the infant's filing exceptions to the master's report.

4. Executors and Administrators.—Where a guardian ad litem, appointed for a nonresident infant in a proceeding by administratrix to sell decedent's real estate to pay debts, after the sale had sale set aside, though court was without authority to appoint him, and though the judgment was appealed from, no question was raised as to the guardian ad litem's authority, held, that the purchaser at subsequent sale could not except to the court's confirmation of the sale, on the ground of lack of authority of the guardian ad litem to set aside the prior sale.

5. Executors and Administrators.—An amended petition, making an infant a party to a proceeding to sell the real estate of a decedent to pay debts of the estate, held to allege, as required by Civil Code of Practice, sec. 429, the insufficiency of the personal property for debt payments. where the original petition alleged insufficiency, and the amended petition adopted its allegations.

6. Executors and Administrators.—A purchaser at an administratrix's sale of decedent's realty to pay debts of the estate cannot urge, as an exception of the confirmation of the report of sale, that the master commissioner did not advertise his hearing on claims, since purchaser cannot object to allowance or rejection of claims.

7. Descent and Distribution.—A decree ordering an administratrix to sell decedent's land to pay debts held not invalid by the fact that the percentage of the proceeds going to the widow was left blank, since such matter could be taken care of by the court in the distribution order.

8. Executors and Administrators.—That real estate, sold by an administratrix by virtue of court order for the payment of debts of

the estate, brought less than two-thirds of its appraised value, held not sufficient to authorize the setting aside of the sale.

9.   Executors and Administrators.—The report of a warning order attorney for a nonresident infant in a proceeding to sell real estate of a decedent for payment of debts of the estate must show that such attorney had made a careful examination of the record, and knew of no affirmative defense that could be made for the infant.

10.  Executors and Administrators.—A purchaser of land at an administratrix's sale for payment of debts of the estate cannot object that the bond requirement of Civil Code of Practice, sec. 410, was not complied with in the making of a nonresident defendant a party; title to the property not being affected thereby.

A. E. AUXIER for appellant.

O. A. STUMP, P. B. STRATTON and W. K. STEELE for appellee.

Opinion of the Court by Judge Logan—Reversing.

This suit has been in this court on one branch or another at least four times. Bowles v. Rutroff, 216 Ky. 557, 288 S. W. 312; Bowles v. Johnson, 218 Ky. 221, 291 S. W. 29; Bowles v. Bowles, 211 Ky. 250, 277 S. W. 260; M. G. Bowles et al. v. Joe Mack Bowles et al., 299 S. W. ——, this day decided.

When the case was sent back to the lower court with instructions to have the infant, Joe Mack Bowles, made a party defendant in the proceedings, an amended petition was filed naming the infant as a party defendant, alleging that she was a nonresident of the state, and asking that a warning order be made against her. This was done, and judgment was again entered directing the sale of the real estate mentioned and described in this controversy. At the last sale R. T. Huffman was the highest and best bidder for an unimproved lot in Pikeville known in the record as the Division street property. Huffman filed exceptions to the report of sale, which were overruled, and the report was confirmed over his objection. Nola Bowles, as administratrix of the estate of John C. Bowles, Jr., and in her own right as his widow, also filed exceptions to the report of sale on the ground of inadequacy of the purchase price. Her exception was also overruled by the lower court.

This was the second sale of the Division street property. At the first sale one Taylor and others became the purchasers of the property at a much larger price than it sold for at the last sale. Indeed, it appears from the

record that at the first sale the property brought more than $20,000, while at the second sale it brought $7,000. The purchaser, Huffman, has appealed from the judgment of the court overruling his exceptions to the report of sale. The purpose of the appeal is to determine whether Huffman obtained a good and valid title to the Division street property. It is necessary to determine the correctness of the rulings of the lower court on these exceptions, and we shall do so in order.

It is first insisted that the infant defendant was not properly made a party defendant to the proceedings. This point involves a determination of whether the warning order was properly made. It was held in the case of M. G. Bowles et al. v. Joe Mack Bowles et al., 299 S. W. ——, this day decided, that the infant was properly made a party defendant to the proceedings.

The second exception to the report of sale urged by the appellant is that, after the warning order was made, and before the warning order attorney made his report, certain steps were taken in the proceedings, and that, as the infant was not before the court at the time these steps were taken, the proceedings so taken before the infant was before the court are void. The nonresident was before the court 30 days after the warning order was made and attorney appointed. The proceedings had were before the master commissioner and related to the proof of claims. In addition to the proceedings before the commissioner, certain pleadings were filed, and orders were made by the court with reference to their filing. If none of these steps were prejudicial to the rights of the infant, the proceedings were not erroneous. As a general rule, the nonresident should have an opportunity to be represented at the hearings before the master commissioner when he is considering proofs of claims against the estate, but, where the nonresident has an opportunity to file exceptions to the report of the commissioner, as in this case, and no exceptions are filed, there is no ground upon which it may be held that the proceedings before the master commissioner were irregular. As the infant was properly brought before the court, she had the right to file exceptions to the report of the master commissioner, and, as the judgment must be reversed, she should be allowed to file exceptions to the report, if she should appear and so desire.

A third ground of exceptions to the report of sale is that the guardian ad litem appointed for the nonresident infant acted for the infant in having the previous sale set aside, and that the case was appealed to this court where the judgment of the lower court was affirmed. It is suggested that the judgment vacating the previous sale and the bonds may be invalid, as the guardian ad litem was without authority to act in the matter. It is true that the court was without authority to appoint a guardian ad litem to act for the nonresident infant, as was held in the case of M. G. Bowles et al. v. Joe Mack Bowles et al., 299 S. W. ——, this day decided, but, as his right to act was not questioned on the previous appeal, and as the court affirmed the judgment of the lower court setting aside the previous sale and canceling the bonds. that matter has been finally determined. The previous sale has been set aside and the bonds canceled, and the lower court properly directed a resale of the property under the opinion of this court.

The fourth exception relied on by appellant is that the infant was before the court only by constructive service, if at all, and that the allegations of the petition could not be taken as true, and, as no proof was taken after the nonresident infant was before the court showing that there was no personal property out of which to pay the debts of the estate, the judgment was erroneous. Under the provisions of section 126 of the Civil Code, allegations of a petition or cross-petition against a defendant who is under any disability except coverture must be proved. The same section provides that allegations against a defendant constructively summoned who has not appeared in the action must be proved. Section 429, Civil Code, allows a suit to settle an estate and to sell real estate, if it shall appear that the personal estate is insufficient for the payment of all debts. It is insisted by appellant that, if any proof was taken on this point, it was when the nonresident infant was not before the court, and that it should be proved that there was no personal property out of which the debts could be paid after the infant was properly a party to the suit and before the court. It was held in the case of Luscher v. Julian's Adm'r, 173 Ky. 150, 190 S. W. 692, that, in an action to sell land of a decedent to pay his debts, if an heir of the decedent is an infant defendant, a judgment directing a sale is erroneous, unless it appear affirmatively both by

pleading and evidence that the personal property is not sufficient to pay the debts of the decedent. It was also held in that case that a settlement of decedent's administrator, referred to in the petition as an exhibit, but not filed until after the sale, will not sustain the judgment or the sale. In this case the master commissioner filed his report showing that there was no personal property out of which the debts could be paid, and it may be that as the infant was properly brought before the court by the amended petition, and did not file exceptions, the report of the master commissioner would sustain the judgment of sale, but, as the case must be reversed on another ground it will be proper to take proof showing that there is no personal property belonging to the estate out of which the debts may be paid.

The fifth ground of exceptions relied on is that the amended petition making the infant a party to the proceedings does not allege that the personal property was not sufficient to satisfy the debts against the estate. The amended petition, however, refers to, and adopts, the allegations of the original petition, and there is an allegation in the original petition that the personal property was not sufficient to pay the debts. The petition as amended is good on this point.

The sixth ground of complaint is that the master commissioner did not advertise the time and place of his hearings on claims. When the infant is properly brought before the court, she may file exceptions to the report of the commissioner on claims. The appellant, Huffman, is not interested in the distribution of the money which he might pay for the property, and therefore he is in no position to raise objections to the report of the commissioner allowing or rejecting claims, unless perchance it should appear that there was personal property to pay the debts, in which event the judgment of sale should not have been entered.

The seventh exception urged to the report of sale goes to the form of the judgment entered directing a sale of the Division street property. We do not think the objections are well taken. Clearly the judgment means that, if the first two tracts when sold do not realize a sufficient amount to pay the debts, the third tract shall then be sold. The validity of the decree is not affected by the

fact that the percentage of the proceeds going to the widow was left blank. That is a matter which can be taken care of by the court in the order of distribution.

The exception of Nola Bowles to the report of the sale was based on the inadequacy of the purchase price.. The property had previously been sold, and was bid in for $20,100. This sale was made February 4, 1924. After that sale was set aside, nearly three years elapsed before the next sale was made. The appraisement for the second sale was $15,000, and the property was sold for $7,100. No proof was taken on the exception made by Nola Bowles, and the sole ground that the property brought less than two-thirds of its appraised value is not sufficient to authorize the setting aside of the sale. Costigan v. Truesdell, 119 Ky. 70, 83 S. W. 98, 26 Ky. Law Rep. 971, 115 Am. St. Rep. 241.

In the case of M. G. Bowles et al. v. Joe Mack Bowles et al., 299 S. W. ——, this day decided, it was held that the report of the warning order attorney was not sufficient, because he did not show that he had made a careful examination of the record, and knew of no affirmative defense that he could make for the infant. That exception is available, and relied on in this case the same as in that case. The cause must be reversed for that error. The warning order attorney should examine the record and make his report based upon that examination. As the nonresident infant is properly before the court, proof should now be taken showing that the personal property is not sufficient to pay the debts of the estate.

An examination of the record does not disclose that a bond was executed, as required by the provisions of section 410, Civil Code. It may be that the purchaser cannot avail himself of this as a ground of exceptions to the report of sale, but that section provides that, before judgment is rendered against a defendant constructively summoned, when he has not appeared, a bond shall be executed with good surety approved by the court to the effect that, if a defendant shall procure a vacation or modification of the judgment, the person in whose favor it was rendered shall restore to the defendant any property or money obtained under such judgment, if is be adjudged that such restoration shall be made. It appears to have been held in the case of Carpenter v. Julian, Jr., 180 Ky. 580, 203 S. W. 323, that such an error is one of

which the purchaser cannot complain, as it does not affect the title to the property which he will receive, but, if some other interested party should raise the question, the error would be ground for setting aside the judgment.

Again summarizing what should be done by the lower court upon the return of this cause, we point out that, as the infant is properly before the court, she should be allowed to file exceptions to the report of the master commissioner approving or disapproving claims against the estate, if she desires to except to the report. The infant appears to be properly before the court, and it is not necessary to make another warning order or appoint another attorney. Proof should be taken, as provided by sections 573 and 574 of the Civil Code, showing that there is not sufficient personal property to pay the debts against the estate, and that the land sought to be sold cannot be divided without materially impairing its value. The warning order attorney should make his report as provided in section 59 and section 36 of the Civil Code. Before the entry of a judgment or order directing a resale of the property, if the infant does not appear, bond should be executed as provided in section 410 of the Civil Code.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.