## Bowles, et al. v. Bowles, et al.

(Decided December 14, 1927.)

### Appeal from Pike Circuit Court.

1.  Executors and Administrators.—Where, in a proceeding by an administratrix to sell real estate of the decedent to pay debts, the petition for sale gave the address of a non-resident infant defendant as Wise, Dickerson county, whereas Wise was in Wise county, held that, under Civil Code of Practice, sec. 58, subd. 2, the infant was properly made a party, regardless of error in designating county.

2.  Infants.—Where, in a proceeding to sell real estate of a decedent to pay debts, a warning order was insufficient in not referring to an infant nonresident to be made defendant, but warned the committee or curator to appear, such insufficiency of the original warning order held cured by the order entered of record by the clerk.

3.  Infants.—The appointment of a guardian ad litem for a nonresident, either adult or infant, who has not been summoned in this state, is unauthorized and void, and his action affects no one.

4.  Executors and Administrators.—Judgment directing a land sale under a proceeding by an administratrix to sell decedent's real estate for the payment of debts held voidable, where the report of the warning order attorney for a nonresident infant, who was a necessary party to the proceeding, did not show that the attorney had examined the case, and exceptions to report of sale under the judgment filed by the purchasers should have been sustained.

S. M. CECIL for appellants.

O. A. STUMP, L, J. MAY, J. P. HOBSON, Jr., P. B. STRATTON and W. K. STEELE for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This is the fourth appeal growing out of an attempted settlement of the estate of John C. Bowles, Jr. See Bowles, etc., v. Bowles' Adm'r, 211 Ky. 250, 277 S. W. 260; Bowles v. Rutroff, etc., 216 Ky. 557, 288 S. W. 312; Bowles v. Johnson, 218 Ky. 221, 291 S. W. 29. On the filing of the mandate from this court upon the first appeal, supra, plaintiff filed verified amended petition, and on that date, July 29, 1926, the clerk made a defective warning order (as will later appear), and appointed a warning order attorney. On the same date an order was entered of record on the order book warning the infant defendant, Joe Mack Bowles to appear 30

days thereafter, and appointing L. J. May, a regular practicing attorney, as warning order attorney. The action was referred to the master commissioner to hold sittings and hear proof and audit claims, and a further report was filed by him on November 30, 1926. The record does not disclose what proof was taken, but the report seems to have been based upon proof taken before the warning order attorney was appointed. In the meantime, a guardian ad litem was appointed to represent the infant, Joe Mack Bowles, and he filed a report stating that he had carefully examined the record, and that he was unable to make any legal exceptions to any of the claims reported by the master or objections to the necessity of a sale of the real estate. On the 6th of December the warning order attorney filed a report as follows:

"Comes L. J. May, warning order attorney herein, and for his report states that on the 29th of November he wrote the defendant Joe Mack Bowles at the address given in the pleadings, and addressed the same to him in the care of his mother at the address given, and that he has never heard from him, and that his letter has not been returned to him, although same had his return address thereon, and that he is unable to make any affirmative defense herein, and so reports to this court.
                "L. J. May, Warning Order Attorney."

Following this a decree was entered and the College street property sold in conformity therewith. H. G. and Mack Bowles became the purchasers thereof at the price of $5,000, and later filed exceptions to the report of sale. Their exceptions were overruled, and they appeal.

It is insisted first that the infant, Joe Mack Bowles, was not properly made a defendant in this case. The petition gave the infant defendant's residence as Wise, Dickerson county, Va., whereas Wise post office is in Wise county, Va. It is not claimed that Wise is not the post office nearest the defendant's residence, but it is stated that Wise post office is in Wise county, and that the petition erroneously alleged it as being in Dickerson county. We do not think this material. It does not appear that there is a post office in Dickerson county by the name of Wise. The Code, sec. 38, subd. 2, requires the affiant to state "in what country (not county) the defendant . . . resides or may be found, and the name of the place where-

in a post office is kept nearest to the place where the defendant . . . resides or may be found." The verified petition substantially complied with this provision.

It is next claimed that the warning orders were insufficient. It appears that the one made by the clerk contains no reference to the infant Joe Mack Bowles, but simply warns "a certain committee or curator to appear," etc. Clearly this was insufficient, but the order entered of record in the order book was sufficient in form, and we have held that the court is authorized to direct the clerk to enter such order. See Northern Bank v. Hunt, 93 Ky. 67, 194 S. W. 3, 14 Ky. Law Rep. 1; Hackworth v. Harlan, 19 S. W. 172, 14 Ky. Law Rep. 76. We conclude that the warning order attorney was properly appointed and the warning order properly entered. The report of the warning order attorney made no reference to an examination of the case, and, under the holding of this court in Dineen v. Hall, 112 Ky. 273, 65 S. W. 445, 66 S. W. 392, 23 Ky. Law Rep. 1615, and quoted in Ramsey v. Keith, 76 S. W. 142, 25 Ky. Law Rep. 582, it was necessary for the report of the attorney for a nonresident to show that he had examined the case. In the latter case a guardian ad litem had been appointed, who had made a legal defense, and it was held that this was the proper course and remedied the defect. However, in a number of later cases we have held that the appointment of a guardian at litem for a nonresident who has not been summoned in this state, either adult or infant, is unauthorized and void, and that his action in the case would affect no one. Massingale v. Parker, 191 Ky. 515, 230 S. W. 932; Powell v. Baer, 143 Ky. 282, 136 S. W. 629; Bethel College v. Gladdish, 204 Ky. 10, 263 S. W. 659; Gentry v. Gentry, 217 Ky. 806, 290 S. W. 665.

While these facts do not render the judgment void, it is at least voidable, and, under the authority of the preceding cases, a purchaser ought not to be required to take the risk of an appeal by an infant defendant, and the exceptions should have been sustained. There are other questions raised on this appeal that were not relied on in the exceptions to the report of sale, all of which are covered in the case of Huffman v. Joe Mack Bowles, 299 S. W. ——, this day decided.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.