## Bowles et al. v. Bowles.

(Decided June 21, 1929.)

. A. E. AUXIER for appellants.

JOHNSON & HINTON, L. J. MAY, W. K. STEELE and P. B. STRATTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This case has the familiar appearance of an old friend. It was before this court on one branch or another six times heretofore. Bowles v. Bowles' Adm'r et al., 211 Ky. 250, 277 S. W. 260; Bowles v. Rutroff, 216 Ky. 557, 288 S. W. 312; Bowles' Guardian v. Johnson et al., 218 Ky. 221, 291 S. W. 29; Bowles v. Bowles, 222 Ky. 325, 300 S. W. 880; Huffman v. Bowles, 222 Ky. 339, 300 S. W. 881; Manufacturers' Coal & Coke Co. v. Rutroff, 226 Ky. 261, 10 S. W. (2d) 849.

The sale of the property is again attacked. Exceptions were filed which were overruled by the chancellor, and the appeal is by the purchasers from the judgment of the chancellor overruling the exceptions. In the case of Huffman v. Bowles, supra, this court attempted to point out in detail what steps should be taken on the return of the case. Complaint is made on this appeal that the directions given by this court in its former opinion were not followed. The exceptions attack the sale on the following grounds: (1) That the proceedings subsequent to the death of Nola Bowles were irregular, in that the action abated on her death, and was not properly revived. (2) That the report of the warning order attorney is irregular and insufficient. (3) That the indebtedness of the estate is not properly proven upon interrogatories and cross-interrogatories, as is required by section 574 of the Civil Code. (4) That the restoration bond is not such as is required by section 410, Civil Code. (5) That the sale was not properly advertised.

Nola Bowles was the administratrix of the estate of her husband, and instituted this suit to settle his estate and sell the real estate to pay debts. After the reversal of the cause in the case of Huffman v. Bowles, supra, and Bowles v. Bowles, supra, Nola Bowles died. Thereafter the First National Bank of Pikeville was appointed administrator de bonis non of the estate of John C. Bowles, Jr. He was the husband of Nola Bowles, and it was of his estate that she had been administratrix, and which it is sought to settle in this suit. More than two terms of

the county court had elapsed after her death, and no one had prayed for letters of administration at the time the bank was appointed administrator. After its appointment and qualification, it appeared in the Pike circuit court and entered a motion to be substituted as plaintiff in this case. That court entered an order reciting facts showing the appointment and qualification of Nola Bowles administratrix, her death, and the appointment and qualification of the bank. It was substituted as plaintiff in the case. The appointment of the bank was regular, and after it was substituted as plaintiff it assumed control of the litigation. The original suit was filed by Nola Bowles as administratrix of John C. Bowles, Jr., in her own right, and as next friend of her infant child, Joe Mack Bowles, who was the sole surviving heir of John C. Bowles, Jr. Joe Mack Bowles had been made a party to the action in 1927 after the first appeal and reversal of this case. Nola Bowles died intestate, a resident of Virginia, and I. J. Beverley was appointed and qualified as her administrator under the laws of that state, and P. B. Stratton was appointed and qualified as ancillary administrator of the estate of Nola Bowles in the state of Kentucky. At the time of her death a part of the real estate belonging to her husband had been sold, and she was entitled to some interest in the proceeds. I. J. Beverley, her administrator, and P. B. Stratton, ancillary administrator, were made parties defendants. By consent, the action was revived against the personal representatives of Nola Bowles.

Exceptions 2, 3, 4, and 5 to the report of sale filed by the purchaser were properly overruled by the chancellor. The chancellor was careful to see that the directions of this court in the opinion in the case of Huffman v. Bowles, supra, and Bowles v. Bowles, supra, were followed.

Appellants contend, however, that the proceedings were irregular, in that there was no revivor affecting the nonresident infant, Joe Mack Bowles. They first contend that there is no order in the record showing the death of Nola Bowles, but in this they are mistaken. The motion made by the bank that it be substituted for the former administratrix of the estate of John C. Bowles, Jr., suggests the death of Nola Bowles, and the order making the substitution recites her death. But it is argued by appellants that there was no order of revivor affecting the infant, inasmuch as no order was entered

and no warning order was made against him, a nonresident, as required by section 504 of the Civil Code. Whether or not, in view of section 3844, Kentucky Statutes, providing that, upon the death or removal of a personal representative, the successor may be substituted in his place by order of court, it would have been necessary to make an order of revivor and proceed against the nonresident infant by warning order, if the facts had been different, we deem it unnecessary to decide. The Civil Code provides: ·

"Section 500. Upon the death of a party to an action, or the cessation of his power as a personal representative or other fiduciary—

"1. If the right of action survive to or against the remaining parties, the action may proceed, without revivor, after statement, on the record, of such death or cessation of power.

"2. Though the right of action do not survive to or against the remaining parties, the court may render judgment, as between them, if it can do so without prejudice to others."

Thus it will be seen that, though the right of action do not survive to or against the remaining parties, the court may render judgment as between them, if it can do so without prejudice to others. The action was not of the kind that abated on the death of Nola Bowles, administratrix of her husband. Indeed, she was a mere nominal plaintiff. The purpose of the action was to sell the real estate to pay her husband's debts and to settle his estate. The debts were in excess of the market value of the real estate. There was nothing whatever that the administratrix could recover. In the circumstances, the real parties in interest were the numerous creditors. The sale was wholly for their benefit. They proved their claims in the manner required by law. Being the real parties in interest, and the only parties to whom any of the proceeds of the land was going, it is clear that the court could render judgment as between them and the nonresident infant, without prejudicing the rights of the infant or any one else. Duff v. Combs, 132 Ky. 710, 117 S. W. 259. We are therefore constrained to the view that the failure of the court, upon the substitution of the First National Bank as administrator de bonis non of John C. Bowles, Jr., to make an order of revivor, and to issue another warning order against the nonresident in-

fant defendant, did not render the judgment of sale invalid or erroneous. It follows that the court did not err in overruling the various exceptions to the master commissioner's report of sale.

Judgment affirmed.