## Hall v. Tackett.

(Decided Feb. 9, 1934.)

W. C. GOBLE for appellant.

F. M. BURKE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Henry Hall and his wife, Hattie Tackett Hall, sought to quiet their title to certain property and to dispossess Mary Tackett. They were unsuccessful, and Henry Hall has appealed.

By a deed dated June 22, 1900, and of record in book Z, page 161, in the office of the clerk of the Floyd county court, William Tackett acquired title to a tract of land which we shall refer to as A. He died intestate on April 29, 1901, and the ownership of tract A passed to his eight children, subject to the dower right of their mother, Mary Tackett.

At that time Andy Hamilton owned a tract of land which we shall call B, and G. B. Tackett owned a tract we shall call C. These parties made what is termed "a Three-cornered Trade" by which G. B. Tackett, was to get tract A, and the widow, Mary Tackett, and her eight children were to get tract B, and Andy Hamilton was to get tract C, and all of them moved to and occupied these tracts as per that arrangement. Andy Hamilton made to G. B. Tackett a deed for tract B, and it appears G. B. Tackett made to Andy Hamilton a deed for tract C. By some sort of a suit which is not in this record it was sought to have the court ratify this trade, and such steps were taken that on October 31, 1906, the court made an order directing that the master commissioner make a deed to G. B. Tackett for the land now owned by Mary Tackett and her heirs; and that the

said master commissioner make a deed to Mary Tackett and her heirs for the land now owned by G. B. Tackett and his wife.

These deeds are in this record. This was before the enactment of what is now section 2150a, Ky. Stats. Supp. 1933 (chapter 146, Acts 1930), and there was then no warrant of law for the approval or ratification by a court so far as the infant children of William Tackett are concerned of any such transaction as this; hence, so far as the infant children of William Tackett are concerned, these deeds did not divest the_n of title, but as to Mary Tackett and other sui juris parties to this suit these commissioner's deeds passed title.

Things ran along for several years, and some of these parties undertook to convey certain mineral interest in some of this property, whereupon an attorney representing the proposed purchaser or lessee of the minerals refused to accept these titles and gave it as his opinion that the so-called "Three-cornered Trade" and all their attempts to carry it into effect amounted to nothing, and thereupon the parties, pursuant to an oral agreement to rescind their "Three-cornered trade," moved back to the property they had owned in 1901, Mary Tackett to tract A, Andy Hamilton to tract B, and G. B. Tackett to tract C, and they have since so resided.

Henry Hall married Hattie Tackett, one of the children of William Tackett, and since 1913 has bought out the interest of the other children of William Tackett in tract A, so that he and his wife now own that tract subject to the dower right of Mary Tackett, the widow of William Tackett. In 1920 Henry Hall took a quitclaim deed from G. B. Tackett for whatever interest the latter had in tract A, and on March 14, 1931, he and his wife began this action against Mary Tackett to dispossess her. So far as his wife is concerned, and so far as he, as vendee of the other Tackett children, is concerned, they had not a semblance of right so to do. However, G. B. Tackett, by the commissioner's deed above referred to, had acquired all of Mary Tackett's claim to tract A, and by this quitclaim deed such rights had passed to Henry Hall, and he insists that he was thereby entitled to dispossess her. By this quitclaim deed he acquired all the rights G. B. Tackett had in this tract A, but no more. He simply stands in the shoes of

G. B. Tackett, and can only succeed if G. B. Tackett could succeed had he sued instead of Henry Hall. If G. B. Tackett had sued to dispossess Mary Tackett of tract A, he would not be allowed to maintain his suit, unless he should offer to surrender to her tract B. The right of Mary Tackett to remain on tract A is a resisting equity that will enable her to remain there until there is an offer to surrender to her tract B. G. B. Tackett would perhaps say: "I surrendered possession of tract B to Andy Hamilton in return for his surrender to me of possession of tract C, hence I am unable to surrender possession of tract B to Mary Tackett." That is true, but, until G. B. Tackett put himself in position to and did offer to surrender to Mary Tackett possession of what she was to get by their trade, he would be in no position to demand of her what he was to get by their trade, and G. B. Tackett would not succeed. The oral agreement of these parties to set aside their "Three-cornered Trade" was utterly void and ineffectual, but this case is controlled by this which was written in Hall v. Hall et al., 236 Ky. 42, 32 S. W. (2d) 536, 537:

"It is an ancient rule that one who seeks to recover possession of land from one holding under a void contract or conveyance is bound to do equity."

Equity would require that there be restored to Mrs. Tackett what she gave up when this oral agreement was made before she could be put out of possession of what she thought she was getting by it.

Likewise Henry Hall, who stands in G. B. Tackett's shoes, and who has lived in this immediate neighborhood all his life, and was familiar with all these transactions, was not entitled to succeed. Therefore the judgment is affirmed.