## McDonald's Guardian Ad Litem et al. v. McDonald's Guardian et al.

(Decided Dec. 7, 1934.)

CLYDE E. REED for appellants.

POLK SOUTH, Jr., for appellees.

FIELD McLEOD amicus curiæ.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

J. C. McDonald died on June 4, 1934, testate and a resident of Franklin county. His will was thereafter duly probated in that county. At the time of his death, he was the owner of some real estate located in Franklin county and still other real estate located in Woodford county. He left surviving him five adult children, who were devisees under his will. He also left five grandchildren, who were also devisees under his will. Of these five grandchildren, one was an adult and four were infants. It was not possible to divide the real estate among the aforementioned devisees, and so it had to be sold for the purpose of dividing the proceeds among those entitled thereto. Contracts were later entered into, selling all of the real estate located in Franklin county to Mrs. Estelle McDonald, and the real estate

located in Woodford county to Dan McDonald. Both of these contracts and sales were expressly subject to their being confirmed by a judgment of court in an action brought under section 2150a of the Kentucky Statutes Supp. 1933 for that purpose. In August, 1934, this suit was filed in the Franklin circuit court by the guardians of the aforesaid infant devisees, seeking, in accordance with the provisions of the aforementioned section 2150a, a confirmation of the sales above mentioned. After a hearing, the court approved the sales, and judgment was entered authorizing the same and directing the deeds to be made. From that judgment this appeal is prosecuted.

The sole question presented by this appeal is whether or not the Franklin circuit court had jurisdiction to enter the judgment it did with reference to the real estate located in Woodford county; it being conceded that it had full jurisdiction to enter such judgment with reference to the real estate located in Franklin county.

This section 2150a of the Statutes was considered and construed by us in the case of Kentland Coal & Coke Co. v. Coleman's Guardian, 243 Ky. 184, 47 S. W. (2d) 1069, 1072. As said in that opinion:

"Indeed, it is patent that the real purpose of the act of 1930 [section 2150a] was to authorize a private sale when ratified by the court of a ward's real estate where a sale could be had under existing law but only through the machinery of a commissioner's sale."

It will thus be seen that we construed this statute to mean that a court could approve a sale had under the provisions of section 2150a where prior to such act it could have ordered a sale through the machinery of a commissioner's sale. With this principle in mind, we find that the section itself provides "that no such sale shall be consummated until same shall have been approved by the Judge of the Circuit Court in the County *where the land or portion thereof is located.*" (Italics ours.) In the case of Phalan v. Louisville Safety Vault & Trust Co., 88 Ky. 24, 10 S. W. 10, 10 Ky. Law Rep. 663, some adults and infants were the joint owners of land lying in Henry, Oldham, Hardin, and Jefferson counties. These lands had been inherited, and suit was brought in the Jefferson circuit court to sell them for the purpose of

reinvestment. The question was raised whether or not the chancery court of Jefferson county had jurisdiction to sell the entire realty, not only that in Jefferson county, but also that in Henry, Oldham, and Hardin counties. Construing various sections of the Civil Code, it was held that the chancery court of Louisville had jurisdiction to sell the land in all four counties, and that it was not necessary for a separate suit to be instituted in each of these counties in order to bring about a sale of the land of these infants located in such respective counties. That case is conclusive of the question before us, and fully justified the Franklin circuit court in approving the sale of the realty in Woodford county as well as that in Franklin county.

The judgment of the lower court being in accord with these views, it is affirmed.