# Shackelford's Guardian v. Shackelford's Committee et al.

(Decided Nov. 30, 1937.)

KIRK B. MOBERLEY for appellant.
JOE P. CHENAULT for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

On November 25, 1932, and some years after the death of her husband, Mrs. Callie C. Shackelford was adjudged to be of unsound mind and incompetent to manage or control her estate and her daughter, Mrs. Callie S. Baldwin, was appointed as her committee and duly qualified and has since been acting as such. Mrs. Shackelford is the owner in fee simple of a house and lot on Lancaster avenue in Richmond, Ky., which she acquired by deed in 1889.

In 1934, Mrs. Baldwin, as committee, instituted an equitable action against Mrs. Shackelford seeking a sale of the house and lot under the provisions of section 2150a, Kentucky Statutes, but no further steps were taken until June, 1937, when an amended petition was filed making the three daughters, the only heirs at law of the incompetent, parties to the action. In the petition it was alleged in substance that the residence on the lot is old and not of modern design, construction, or arrangement and without modern conveniences and that, by reason of these conditions, the committee had been unable to rent the property for more than $30 per month and that it had been vacant much of the time because of such conditions; that it is in a bad state of repair and it would be necessary to install modern appliances and fixtures in order to make it desirable to rent; that plaintiff had a bona fide offer of the sum of $8,000 cash for the house and lot, payable upon delivery of deed approved by the court; and that plaintiff, as com-

mittee, had accepted such offer and agreed to execute and deliver the deed, provided she procured judicial approval of the sale; that due to the smallness of the income derived from the property she could invest the amount that would be realized from the sale in other property that would produce a much larger income and she deemed it to the best interest of her ward that the sale be consummated and she prayed for judgment accordingly. The guardian ad litem appointed for the incompetent made a general denial of the allegations of the petition that it would be to the best interest of the ward to sell the real estate, but later filed a report to the effect that, after close examination of the record and after hearing the testimony introduced, he was unable to refute the contention of plaintiff that the sale would be beneficial to the incompetent and that the price offered for the land is sufficient.

After evidence had been heard and bond executed and approved as provided in section 2150a, supra, it was adjudged that the sale by the plaintiff, Callie S. Baldwin, committee for Callie Shackelford, of the house and lot described in the petition to George T. Ross for the sum of $8,000 is and will be beneficial and to the best interests of the incompetent and that the contract of sale be approved and that Callie S. Baldwin be authorized to collect the purchase price and consummate the sale by executing and delivering to George T. Ross her deed as committee, conveying to him fee simple title to the property. The guardian ad litem is appealing.

The only ground argued and relied on for reversal is that the proof fails to disclose that the sale will be for the best interest of the incompetent.

Section 2150a, Kentucky Statutes, has been held constitutional and valid and authorizes a private sale of a ward's land on proper proof that the sale is for the best interest of the ward. Kentland Coal & Coke Co. v. Coleman's Guardian, 243 Ky. 184, 47 S. W. (2d) 1069. The procedure in this case has been in strict conformity with the requirements of section 2150a of the Statutes and the only question to be determined is that raised and argued by the guardian ad litem which relates solely to the sufficiency of the evidence. Bankers, real estate agents, a building contractor, and others acquainted with this property and the market value of property in that vicinity were called as witnesses. Mrs. Baldwin

testified that she had made efforts to find a buyer for the property and had listed it with a real estate agency, but had been unable to find anyone willing to pay anything like the sum offered by Mr. Ross, and that she considered $8,000 a good and fair price for the property, and the evidence of other witnesses offered by her fully sustains her. The other witnesses who were acquainted with market values stated that the price agreed upon for the property was as much if not more than its fair and reasonable market value. It is also shown that the committee has had difficulty in renting the property for $30 and it had been vacant a good portion of the time because of its condition and undesirability; that it would require an expenditure of from $2,500 to $3,500 to repair the building and put it into such condition as to make it desirable to rent; that after deducting the taxes, insurance, etc., the net rents derived from the property were very small indeed; that the income from the proceeds of the sale would be much larger than the net rents derived from the property. On the whole the evidence is convincing that the sale will be to the best interest of the ward.

Judgment affirmed.