## Meade et al. v. Meade.

June 6, 1939.

James F. Bailey, Judge.

Fred Meade for appellants.

Wheeler & Wheeler for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This suit was instituted under section 2150a of the statutes to secure the approval of the circuit judge of a deed from the widow of J. Hobart Meade and executrix of his estate, and guardian of her four infant children, to H. M. Howard. It appears from the record that Meade and Howard each owned a one-half interest in 14 lots in Johnson county; that the deeds to the lots were in the name of Meade; that there was a $1,600 debt owing on the jointly owned lots; and that the lots were

appraised at $1,600. Meade was the principal and Howard was the surety on this obligation. Howard agreed to assume the $1,600 obligation in full, if the widow in her own right, and as guardian for the children, would execute a deed to the lots to him.

Meade provided in his will that his executrix could sell his real estate under certain conditions, provided she secure the approval of all of the members of the fiscal court of Johnson county before the sale was made. The lots in question were purchased by Meade after the time he made his will. The widow complied with the provisions of the will as to submitting the proposition of selling the realty to the fiscal court and securing the approval of all the members of that court. She filed with the fiscal court statements showing in detail the condition of Meade's estate. The appraisers had listed assets of $17,000 and obligations of $20,000.

She then filed this suit naming the four infant children as defendants, and a guardian ad litem was appointed. He filed his report stating that he had carefully examined the pleadings and evidence, and that he was unable to make a defense for the infant defendants, and that in his judgment the transaction was for the best interests of the infants. The provisions of section 2150a of the statutes appear to have been fully complied with, except that no bond covering the transaction was required of the guardian of the infants. In his judgment the trial judge pointed out that no bond had been required because no money was being paid to the guardian, since the transaction was merely a transfer of property in which the grantee (Howard) assumed the indebtedness against it, thereby relieving the estate of Meade from further liability by reason of the execution of the $1,600 note.

Counsel for the infant children, the guardian ad litem, has favored us with a brief consisting of less than one page, in which he refers the Court to the record in the case as to whether the rights of the infants have been properly safeguarded. We have examined the record carefully, and have reviewed the cases which make reference to section 2150a, enacted in 1930. We fail to find, however, where a transaction like the one before us has been submitted to this Court. Kentland Coal & Coke Company v. Coleman's Guardian, 243 Ky. 184, 47 S. W. (2d) 1069; Hall v. Tackett, 252 Ky. 718,

68 S. W. (2d) 42; McDonald's Guardian Ad Litem v. McDonald's Guardian et al., 256 Ky. 682, 76 S. W. (2d) 919; B'Hymer's Guardian v. B'Hymer et al., 257 Ky. 10, 77 S. W. (2d) 411; Wadlington's Guardian v. Wadlington, 257 Ky. 15, 77 S. W. (2d) 357, 358; Hay's Committee v. Hay's Guardian, 260 Ky. 586, 86 S. W. (2d) 313; Greenway's Guardian v. Greenway, 262 Ky. 818, 91 S. W. (2d) 553; Shackelford's Guardian v. Shackelford's Committee, 270 Ky. 778, 110 S. W. (2d) 1077; Powell v. Hester's Devisees, 271 Ky. 838, 113 S. W. (2d) 456.

As pointed out in Greenway's Guardian v. Greenway, supra, the character and form of the bond required under section 2150a of the statutes is the same as that required under section 493 of the Civil Code of Practice. The bond is meant to cover the specific transaction of sale, and it guarantees that the money received from the sale of the property will be accounted for and delivered to the proper parties when so required. In the instant case no money came into the hands of the guardian under the arrangement whereby the deed to the 14 lots in question was executed to Howard, and under which he assumed the obligation of paying the $1,600 debt against the lots. It is our conclusion, therefore, that the trial judge properly held that it was not necessary to require of the guardian the bond mentioned in section 2150a.

Judgment affirmed.