## Bowles v. Allman et al.

June 4, 1940.

R. Monroe Fields, Judge.

Childers & Bowles for appellant.

Andrew E. Auxier and O. T. Hinton for appellees.

Opinion of the Court by Judge Cammack—Affirming.

The purpose of this appeal is to determine whether the appellant and the other purchasers of a lot in Pikeville at a judicial sale obtained a good and valid title to the property. The appellant, defendant below and one of the purchasers at the sale, filed twelve exceptions to the Commissioner's sale and report. The exceptions were overruled and the report approved and the sale confirmed. It appears from the record that the owners of the property are satisfied with the manner in which the sale was conducted and also the purchase price of $30,000, which amount is $5,000 less than the appraised

value of the lot. No brief has been filed for these parties.

The appellants conclude their brief with the following paragraph:

"A careful examination of the record has not revealed to counsel for the appellant any error which in their opinion would seem to make the sale and purchase void; and, as already stated the purchasers want the property at the price if a valid title will be conveyed by the court. This is the reason and excuse of the appellant for burdening the court with an examination of the record on this appeal."

Most of the parties to this appeal have been frequent visitors to this Court. Bowles v. Bowles' Adm'x, 211 Ky. 250, 277 S. W. 260; Bowles v. Rutroff, 216 Ky. 557, 288 S. W. 312; Bowles' Guardian v. Johnson, 218 Ky. 221, 291 S. W. 29; Bowles v. Bowles, 222 Ky. 325, 300 S. W. 880; Huffman v. Bowles et al., 222 Ky. 339, 300 S. W. 881; Manufactures Coal & Coke Company v. Rutroff, 226 Ky. 261, 10 S. W. (2d) 849; Bowles v. Bowles, 249 Ky. 428, 60 S. W. (2d) 985; Bowles v. Bowles, 250 Ky. 73, 61 S. W. (2d) 1062.

This Court has been called upon on several occasions to determine whether the infant appellee, in the case at bar, Jo Mack Bowles Allman, and O. C. Bowles, Jr., a person adjudged to be of unsound mind (especially the former), were properly before the Court. The same question is presented herein. From our examination of the record, however, it appears that the finding of the trial judge that all parties to the proceeding were properly before the court is correct, and furthermore that the other exceptions of the appellant to the Commissioner's sale and report were properly overruled.

The following provision of the judgment of the lower court properly protects the interests of Jo Mack Bowles Allman, and O. C. Bowles, Jr.:

"It is further provided and adjudged that the share of the infant defendant, Jo Mack Bowles Allman, and the share of the defendant O. C. Bowles, Jr. shall not be paid by the purchaser; but the share of the said Jo Mack Bowles Allman shall remain a lien on said real estate, bearing interest until the said defendant becomes of age, or until her guardian executes bond as required by Section 493 of the

Civil Code of Practice and the share of the said O. C. Bowles, Jr. shall remain a lien on said real estate, bearing interest until said O. C. Bowles, Jr. becomes of sound mind, or until his committee execute bond as required by said section."

Wherefore, the judgment is affirmed.