## Ray v. Spencer et al.

May 26, 1942.

Terry L. Hatchett for appellant.

Richardson & Redford for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant, Lillian Bunch Ray, was 11 years of age when a tract of land in which she owned a one-eighth interest was sold in 1929 under Section 490 of the Civil Code of Practice. Her share of the net proceeds of the sale was $134.89. The judgment of sale directed that the appellant's share should not be collected but should remain a lien on the land until a guardian qualified for her and executed bond under Section 493 of the Civil Code of Practice. The Union Trust Company was appointed guardian for the appellant by the Barren County Court in January, 1930, and it executed bond in that court for the office of guardian, but it did not execute bond in the

Barren Circuit Court in accordance with the provisions of Section 493 of the Civil Code of Practice.

The purchaser at the sale paid the full amount of the purchase price to the master commissioner, who in turn delivered the appellant's share to the Union Trust Company. The Trust Company disbursed $35.30 of the appellant's money, $30 of which was delivered to her father, Luther Bunch, prior to the time it became insolvent. When the Trust Company was finally liquidated, the sum of $56.88 was delivered to the appellant's father. Some four months after this money was paid to him, Luther Bunch, with only George Spencer as surety, attempted to execute a bond in the Barren Circuit Court in the action in which the land was sold. The case was reinstated on the docket and an order entered approving the bond and also approving the action of the master commissioner in turning over the money to the Trust Company. When the appellant became of age she moved the court to set aside the bond of her father and the order approving it, and that motion was sustained in January, 1940. She then filed this suit to enforce the statutory lien adjudged in her behalf when the land was sold in 1929. The judgment recognized this lien subject to the credits of $35.30 and $56.88. Both parties were granted an appeal, but only Lillian Bunch Ray is appealing.

The amount of money involved in this case is not large, some $90 with interest, and there are some aspects of the case which are not particularly pleasing; but this Court has always guarded jealously the rights of infants. Meade v. Meade, 279 Ky. 39, 129 S. W. (2d) 993; Moore v. Moore, 284 Ky. 636, 145 S. W. (2d) 836. The appellant's rights have been abused. The judgment ordering the sale of the land in 1929 properly directed the manner in which her rights should be protected. Bowles v. Allman, 283 Ky. 388, 141 S. W. (2d) 557. The Trust Company should have executed a bond in accordance with Section 493 of the Civil Code of Practice under that judgment.

Section 493 of the Civil Code requires a bond separate and distinct from the bond as guardian and directs that the guardian properly discharge all of his duties as such and comply with the orders and judgment of the court in the action (sale of the land) and account for and pay and deliver to the proper party all money or

property due and belonging to the party when required by the court. Meade v. Meade, supra. Subsection 2, of Section 493, expressly provides that the court shall indorse its approval on the bond; that it shall be recorded with the order of sale; and that it shall be certified by the circuit clerk who, in turn, shall deliver it to the county clerk, whose duty it is to record and index it.

George Spencer was the purchaser and he was charged with notice of the judgment by virtue of his purchase. He can not be heard to say now that he thought the master commissioner would see that the infant's interests were properly guarded because it was his own act which initiated the happenings that caused her to suffer. The master commissioner should not have turned the money over to the Trust Company until it executed the bond as directed in the judgment of sale and the Trust Company should not have turned over some $30 of the appellant's money to her father without seeing that he used it for her benefit. In this connection, the judgment in the action before us sets forth that Luther Bunch used the $30 turned over to him by the Trust Company and the $56.88 received by him when the Trust Company was finally liquidated in support of all of his family, including the appellant. This he should not have done.

The trial court properly set aside the order approving the bond executed by Luther Bunch with only one surety in 1934, and the acts of the master commissioner in collecting the sale bond and turning over the infant's share to the Trust Company. See Hughes v. Saffell, 134 Ky. 175, 119 S. W. 804, and Allen v. Jenkins, 157 Ky. 406, 163 S. W. 234, as to the question of only one surety on a bond such as the one in question.

It is obvious from what has been said thus far that we are of the opinion that the trial court properly adjudged a lien in favor of the appellant for $134.89, but that he erred in allowing the credits of $35.30 and $56.88, since the appellant's share was not properly safeguarded, as expressly directed by the Civil Code of Practice, and as directed by the judgment of sale in 1929, to say nothing of the fact that the record shows that Luther Bunch used such of the appellant's money as came into his hands for the support of his entire family.

Wherefore, the judgment is reversed, with directions to set it aside and to enter a judgment in conformity with this opinion.