CASE 88—PETITION EQUITY—NOVEMBER 17.

# Watts v. Wilson, &c.

### APPEAL FROM LINCOLN CIRCUIT COURT.

A GUARDIAN APPOINTED BY A COURT OF ANOTHER STATE has no power to sue for the infant, or otherwise act as guardian in this State, unless authorized by the county court of this State having power to appoint a guardian, as provided by section 16, article 2, chapter 48 of the General Statutes. That provision of the General Statutes was not repealed by sub-section 4 of section 35 of the Civil Code, which provides that the action of an infant who resides in a foreign country, and has a guardian residing therein, may be brought by such guardian, but the two statutes should be considered together.

MILLER & OWSLEY FOR APPELLANT.

Section 16 of article 2, chapter 48 of the General Statutes, is not repealed by sub-section 4 of section 35 of the Civil Code, and a foreign guardian can not prosecute such an action as this without complying with the provisions of that statute. (Civil Code of Practice, sec. 37; Sedgwick on Statutory Construction, pp. 98, 98 (n), 99 (n), 100 (n), 105, 106; Eliz. & Pad. R. Co. v. Trustees of Elizabethtown, 12 Bush, 237; Smith v. Belmont & Nelson Iron Co., 11 Bush, 391; Commonwealth for, &c., v. Boone County Court, 82 Ky.; 635; Story's Conflict of Laws, 8th ed., p. 701, secs. 504, 504 (a); Burnet v. Burnet, 12 B. M., 323; Marrett, Jr., v. Babb's

Ex'or, 12 Ky. Law Rep., 652; Huber v. Armstrong's widow and heirs, 7 Bush, 591; Shelby, &c., v. Harrison, Jr., &c., 7 Ky. Law Rep., 818; s. c., 8 Ky. Law Rep., 85.)

J. W. ALCORN FOR APPELLEE.

No brief in record.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The widow and heirs of W. B. Wilson, who died a resident of Kansas, brought this action under section 490 of the Civil Code to obtain a sale of a lot in Lincoln county upon the ground that the share of each owner was worth less than one hundred dollars. This fact being shown, a judgment was rendered under which the property was sold and purchased by the appellant, T. C. Watts. Exceptions were filed by him to the report of the sale, and he appeals from the order of confirmation.

One of the heirs is an infant, residing in Kansas. He is a petitioner by his guardian, who was appointed by a Kansas court. This appointment gave him no power, however, to act as guardian in this State.

Section 16, article 2, chapter 48 of the General Statutes provides: "Upon application by petition in a summary way, the county court of the county having jurisdiction to appoint a guardian may authorize such foreign guardian to sue for, recover and so remove (to the minor's residence) any personal estate of such minor, or otherwise to act as a guardian appointed in this Commonwealth." So far as appears no application was ever made by this foreign guardian to any county court of this State to act as guardian in this State. The power has never been obtained.

It is true sub-section 4, section 35 of our Civil Code, says: "The action of an infant, or of a person of unsound

mind, who resides in a foreign county and who has a guardian, curator or committee residing there, may be brought by such guardian, curator or committee, or by his next friend." But this provision is not to be regarded as repealing the statute, and the two are to be considered together, and as providing that the foreign guardian, when authorized as provided by the statute, may act for the infant by way of suing for him or otherwise, as if he had been appointed in this State. They are not repugnant, but harmonious and consistent. They constitute but one law. This view is sustained by section 37 of the Civil Code, which provides: " No person shall sue as next friend unless he reside in this State and be free from disability."

The power of a guardian is territorial; it is confined to the State in which he is appointed. He has no power over property in another State or country controlled by different laws. This rule applies to all fiduciaries, as executors, etc. It can not well be supposed that our lawmakers intended to permit a foreign guardian to procure a sale of the ward's real estate situated here, get possession of the proceeds and exercise all the powers of a guardian appointed here, in the absence of all authority from our own courts.

It results that the judgment must be reversed and cause remanded, with directions to vacate the sale, cancel the appellant's sale bond, and for all further proper proceedings, all of which is ordered.