# Hatfield Construction Company v. City of Paintsville.

(Decided October 4, 1929.)

WHEELER & WHEELER for appellant.

F. P. BLAIR and KIRK, KIRK & WELLS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee brought this suit against the Hatfield Construction Company to recover damages for injuries

which it alleged had been done certain streets of the appellee due to the excessive speed at which overloaded trucks of the construction company had been operated over them while hauling material for highway construction from the Chesapeake & Ohio Depot to the outskirts of the city. The suit was first brought against the construction company as a corporation, but, it being later discovered that it was a partnership, an amended petition was filed against Robert P. Hatfield and William Hatfield, partners doing business as the Hatfield Construction Company. The answer of the appellant was first a traverse; and, secondly, a plea that any damage the streets of Paintsville suffered, as complained of in the petition, was done by the Hatfield Truck & Transportation Company, a corporation with which the appellants had contracted as an independent contractor to haul their material from the railroad through the town of Paintsville to the highway which they were constructing. The reply of the city was, first, that the truck company was a dummy organized to fraudulently protect the appellants from any damage claims that might ensue in the hauling of their material; secondly, that the truck company was not in fact an independent contractor but only an agent; and, thirdly, that the appellants had agreed with the city to repair the damage done the streets of which complaint was made in the petition. The affirmative matter of this reply was duly traversed, and on the issues thus formed the parties went to trial. The case being submitted to the jury, it found a verdict in behalf of appellee for $800, and, from the judgment entered on that verdict, this appeal is prosecuted.

Appellants insist that they were entitled to a peremptory instruction. In this they are correct. The evidence wholly fails to show that the truck company was any dummy fraudulently or otherwise organized to shield the appellants, as the appellee claims. The two appellants between them owned but 48 per cent. of the stock of the truck company. One Bradley owned another 24 per cent., and L. L. Smith and L. L. McClure owned the balance of the stock. So far as this record discloses, these three last-named men had nothing to do with the Hatfield Construction Company. The record shows that the truck company had its name painted on the trucks which it is claimed did the damage to the streets herein complained of, that it paid its own bills by its own checks, and that there was no effort to conceal the fact

that it and not the Hatfield Construction Company was engaged in hauling this material. The record also fails to show that the truck company was the agent of the construction company and not an independent contractor. While the employees of the construction company did load the trucks, yet the chauffeurs who drove these trucks were employed by the truck company, and it is not shown that the construction company had any control whatever over them. The weight of the loads alone would not, in view of the evidence in this case, have caused the damage complained of, for much heavier loads had been transported over these streets without material damage to them. It was the excessive rate of speed, coupled with the weight of the load, which pounded the streets into the condition described by appellee's witnesses. It is therefore plain that whatever damage was done was caused by the truck company's agents and not by those of the construction company. The truck company was paid a unit price by the construction company for hauling this material, and the construction company did not undertake to state how or in what manner or by what method the hauling should be done. The truck company was an independent contractor. Diamond Block Coal Co. v. Sparks, 209 Ky. 73, 272 S. W. 31; Eutsler v. Huff, 222 Ky. 48, 299 S. W. 1070.

Waiving the question whether, having brought suit in tort, the appellee by reply could rely upon a contract with the construction company to repair the streets, we have been unable to find from this record where any such enforceable contract was ever entered into by the parties. The record does show that the city, after the trucks had begun to damage the streets, notified the construction company that it intended to hold the construction company responsible for this damage; that thereafter an agent of the construction company appeared before the city council and agreed to go with the city engineer and determine what damage had been done to the streets; that these two did inspect the streets for the purpose of determining what damage had been done, but they were unable to agree upon just what damage the trucks had caused; that the superintendent of the appellants then did offer to pay the city $480 in settlement of the claim which the city was making; and that the city rejected this offer. All this is very far from a contract definite in terms which could be enforced by either party. At the best it was only an agreement to ascertain what damage

had been done and an offer of compromise, which was rejected. The appellee failed to establish the contract it alleged. The court should have peremptorily instructed the jury to find for the appellants, as the appellee's cause of action, if any, is against the truck company.

The judgment is therefore reversed, with instructions to grant the appellants a new trial herein in conformity with this opinion.