## Douthitt v. Board of Trustees of Newcastle.

(Decided June 19, 1931.)

TURNER & BATES and J. R. FEARS for appellant.

COLVIN P. ROUSE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

The Town of New Castle is one of the sixth class. Its board of trustees on September 2, 1930, enacted an ordinance, the preamble to which reads:

"Whereas, it has been made to appear to the Board of Trustees of the Town of New Castle that said town is indebted to various persons either on account or by note or by agreement for the purchase

of a fire engine to the amount of $6,000.00 and that said indebtedness cannot be met by the levy authorized by law, and there is not in the treasury of said town any available funds to pay said indebtedness with or any part thereof; and it is therefore necessary to borrow money sufficient to pay off said indebtedness, to-wit: $6,000.00,'' etc.

It was then ordained that an election be held in the town on the regular November, 1930, election day to take the sense of the resident voters therein as to whether it should issue bonds in the aggregate amount of $6,000 for the purpose of meeting the indebtedness as set forth in the preamble, and the levying of a tax sufficient to pay annual interest and creation of a sinking fund with which to finally extinguish the debt. The election was called under the authority conferred by section 3705 of our present statutes, and which is a part of the charter of municipal corporations of the sixth class to which New Castle belongs. That section not only prescribes that notice of the election shall be given, but it prescribes the character of notice in this language:

"Such notice shall be published for at least two weeks in some newspaper published in or of general circulation in, such town, or by posting written or printed notices at three or more public places in such town.''

The election that the board of trustees called by the enactment of the ordinance referred to was held on the day for the regular election in 1930, and resulted in the requisite majority of the voters approving the issuing of the bonds as specified in the ordinance. This action was thereafter filed under our declaratory judgments statute by plaintiff and appellant, S. J. Douthitt, a citizen and taxpayer residing in the town, against its trustees to enjoin them from carrying out the provisions of the ordinance as approved by the election, upon the ground that the election was void because the prescribed statutory notice therefor was not given. The answer of the trustees set forth, or attempted to do so, all of the facts with reference to the creation of the indebtedness, as well as the action of the trustees in calling the election, and the cause was thereupon submitted to the court, and it dismissed the petition and adjudged that the election was valid, and that the bonds, the issual of which the election approved, would be valid when they were issued,

and complaining of that judgment, plaintiff prosecutes this appeal.

It appears in the record that the only notice of the election was the publication of it in two weekly issues of the Henry County Local, a newspaper published in New Castle, the first one of which appeared, in the issue of that paper on October 24, 1930, and the last one appeared in its issue of October 31 of the same year, and from which it is argued by counsel for the trustees that, inasmuch as there was a publication of the notice in each issue of the paper for the two weeks immediately preceding the election which was on November 4 of that year, the statutory requirement that the notice thereof, shall be published "for at least two weeks" was complied with. But we do not so construe the statute, nor do the cases cited and relied on by counsel for the trustees sustain that contention. On the contrary, we held directly to the opposite in the recent case of Pendley v. Butler County Fiscal Court, 229 Ky. 45, 16 S. W. (2d) 500. In our opinion in that case we cited a number of prior ones sustaining our conclusions announced therein. In that case the involved statute required that "30 days" publication of the notice of the election should be given. The first publication thereof was on the 27th day preceding the day of the election, and which we held was not a compliance with the mandatory requirements of the statute for the holding of such an election. As stated, other cases are cited in the opinion to the same effect, and, because of the defect in the notice in that case, we held the involved election invalid.

There can be no distinction between the facts of that case and in prior cases cited therein and those involved in this one. In those cases, as in this one, the first notice of the election appeared for a shorter minimum time preceding it than that prescribed by the statute under which the election was held, and for which reason the involved elections were declared invalid. Here the statute required the publication of the notice of the election "for at least two weeks" prior to its holding, while publication thereof for the first time was only eleven days preceding the day on which the election was held, and the case is therefore clearly brought within the principles announced in the Pendley opinion and others upon which it was rested, and for which reason we are unable to find any escape from the conclusion that was reached in those opinions.

But, for another additional reason, we conclude the judgment herein was erroneous and improper. Neither the preamble of the ordinance, nor its body, nor any other resolution of the board of trustees, recites the time when, nor the purpose for which, the accumulated indebtedness to be funded by the issual of the bonds was created; nor is such essential fact manifested anywhere in the record. It does appear that there was a floating indebtedness of the town of $2,000 at the time the ordinance was passed, and that the cost of a fire extinglishing apparatus and a house for its storage would cost $4,000, making the total amount of the proposed bond issue. But whether the debt for the fire apparatus, and for the house and lot in which it was to be stored, had at that time been created, or only contemplated and contingent upon the approval of the issuing of the bonds at the election, is nowhere made to appear, nor is there any showing that the floating debt of $2,000 was valid when it was created, i. e., that it, with other actual expenditures, did not exceed the revenue that was provided for the year in which it was created, and all of which must be shown before funding bonds may be legally issued, as is pointed out in the case of King v. Christian County Board of Education, 229 Ky. 234, 16 S. W. (2d) 1053, and others therein cited. An elaboration of the points involved is unnecessary, and we will not extend the opinion by doing so.

For the reasons stated, the judgment is reversed, with direction to set it aside and for proceedings consistent herewith.