## Blackburn et al. v. Browning's Guardian.

(Decided Oct. 4, 1932.)

182

WEBB & HOGAN for appellants.

F. A. HARRISON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On October 18, 1927, W. T. S. Blackburn was appointed by the Grant county court guardian of his infant daughter, Bernice Blackburn, and qualified by executing bond in the sum of $2,500, with George Gutman and John J. Blackburn as sureties. Bernice Blackburn became 21 years of age on March 28, 1930, and W. T. S. Blackburn, her guardian, made a final settlement of his accounts on July 23, 1930. Exceptions were filed to the settlement in the county court and were overruled. On appeal to the circuit court the exceptions were sustained, and it was adjudged that W. T. S. Blackburn was indebted to his ward in the sum of $2,299.11. After the settlement Bernice Blackburn went to live with her sister, Mrs. Beulah Browning, who resides at Maston, Warren county, Ohio. On April 21, 1931, Bernice Blackburn was adjudged to be an incompetent, and the judge of the probate court of Warren county, Ohio, the county of her residence, appointed her sister, Beulah Browning, as her guardian.

Alleging the above facts, Beulah Browning, as guardian of Bernice Blackburn, brought this suit in the Grant circuit court against W. T. S. Blackburn and his surety, George Gutman, and also against Mrs. Iva F. Blackburn and W. O. Blackburn, executors of the estate of John J. Blackburn, deceased, the other surety, to recover of them the sum of $2,299.11, the amount shown to be due on the settlement made by W. T. S. Blackburn. After their special and general demurrers to the petition had been overruled, the defendants declined to plead further, and the court rendered judgment in favor of plaintiff for $2,299.11 with interest and costs. Defendants appeal.

Sections 2041 and 2042, Kentucky Statutes, are as follows:

"§2041. Where there is no guardian of a non-resident minor in this Commonwealth, his guardian appointed and qualified according to the

law of the place where the minor resides may collect, receive and remove to such place of residence any personal estate of the minor being in this Commonwealth. Upon application by a petition in a summary way, the county court of the county having jurisdiction to appoint a guardian may authorize such foreign guardian to sue for, recover and so remove any personal estate of such minor, or otherwise to act as a guardian appointed in this Commonwealth.

"§2042. Where there is a guardian of such non-resident minor in this Commonwealth, he may, by similar petition, either to the county court or the circuit court of the county, and ten day's notice, be compelled to pay over to such foreign guardian for such removal the personal estate of the minor and the rents and profits of his real estate; but neither court shall grant either of said petitions, unless it is satisfied, by documentary evidence, that such foreign guardian has, where he qualified, given bond, with surety, to account for all the estate of the minor that might come to his hands; nor where there is no resident guardian, if there is any next of kin of such minor in this Commonwealth within the knowledge or information of the court, until such next of kin shall have been summoned; nor unless the court is satisfied that neither the minor nor any of his creditors in this Commonwealth will be prejudiced by the order."

Subsection 4, sec. 35, Civil Code of Practice, is as follows:

"The action of an infant, or of a person of unsound mind, who resides in a foreign country, and who has a guardian, curator, or committee residing therein, may be brought by such guardian, curator, or committee, or by his next friend."

The ground of the special demurrer is that the foregoing sections of the Statutes are controlling and that the foreign guardian of the incompetent did not have the legal capacity to sue in the absence of an allegation that, after complying with section 2042, she had been authorized by the Grant county court to bring the action. In Watts v. Wilson, 93 Ky. 495, 20 S. W. 505, 14 Ky. Law Rep. 463, we held that a guardian ap-

pointed by the court of another state has no power to sue for the infant, or otherwise act as guardian in this state unless authorized by the county court of this state having power to appoint a guardian as provided by section 16, article 2, chapter 48, of the General Statutes 1883, now section 2041, Kentucky Statutes. The basis of the ruling was that the provision of the General Statutes was not repealed by subsection 4, section 35, of the Civil Code of Practice, but that the two Statutes should be construed together, and that when so construed the power to sue given by the Code could be exercised only after authority to bring the action had been granted by the proper county court. Clearly, there was good reason for holding that the power conferred on the foreign guardian of a non-resident infant to bring an action was restricted by the limitations contained in section 2041, Kentucky Statutes. However, the situation with respect to a foreign guardian or committee of a non-resident incompetent is different. Section 2041, Kentucky Statutes, deals only with foreign guardians of non-resident minors. There is no statute of similar import dealing with non-resident guardian, or committee of a non-resident incompetent. The result is that the right of action clearly and specifically conferred by subsection 4, section 35, Civil Code of Practice, supra, on non-resident guardians or commnttees of non-resident incompetents, is unrestricted by any other provision of the Statutes, and we are not at liberty to incorporate in the Code a limitation which the Legislature did not see fit to enact. It follows that the non-resident guardian had the legal capacity to sue, and that the special demurrer was properly overruled.

Judgment affirmed.