## Bowles et al. v. Bowles et al.

(Decided May 26, 1933.)

J. E. CHILDERS and JEAN L. AUXIER for appellants.

ANDREW E. AUXIER, O. T. HINTON and JOHNSON & HIN-'TON for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This was a suit brought under subsection 2 of section 490 of the Civil Code of Practice for the purpose of selling a tract of 1,316.8 acres of land in Pike county and dividing the proceeds among the owners, they being H. C. Bowles, Josephine Kirk, and Lorraine Chrisman, each of whom owns a one-fifth interest, and M. G. Bowles, who owns a three-tenths interest, O. C. Bowles, Jr., a person of unsound mind who owns a one-twentieth interest, and Joe Mack Bowles, an infant and nonresident of this state, who also owns a one-twentieth interest. In addition to these, Nona C. Bowles owns a dower interest in two-fifths of the interests owned by H. C. Bowles, Lorraine Chrisman, and Josephine Kirk. At the sale had under the judgment, H. C. Bowles, M. G. Bowles, Lorraine Chrisman, and Josephine Kirk became the purchasers at a price of $52,500. Thereafter, exceptions were filed to the report of sale by the committee for the incompetent, by the nonresident guardian of the nonresident infant, and by H. C. Bowles, one of the purchasers. These exceptions were overruled and the sale confirmed. The exceptors have appealed.

The first exception is based on the contention that the infant defendant was not before the court, for which reason the judgment and sale were invalid. This contention will have to be sustained. The affidavit for a warning order against the infant defendant is in these words:

"Plaintiff states that the defendant, Joe Mack Bowles, is an infant eleven years of age and that she is a citizen and resident of Wise, Wise County, Virginia, and that Wise, Virginia, is the name of the place wherein a United States postoffice is kept where she receives her mail."

On this affidavit the warning order was made and the warning order attorney appointed. It may be said in passing that the affidavit for the warning order against this same infant defendant in the answer and cross-petition of the James Hatcher Land Company is in substantially the same language. As has been so often held, the affidavit was totally insufficient in that it failed to allege that the nonresident defendant was believed to be absent from the state, which, being true, the warning order issued thereon was void. Redwine v. Underwood, 101 Ky. 190, 40 S. W. 462, 19 Ky. Law Rep. 366; Baker v. Baker, Eccles & Co., 162 Ky. 683, 173 S. W. 109, L. R. A. 1917C, 171, and see notes in Carroll's Kentucky Code, 1932 Edition, appended to section 58 of the Civil Code of Practice. The petition in the instant case recites that the nonresident infant defendant has a domestic statutory guardian, Malinda Bowles Rutroff, who seems to have been served but who filed no pleadings and took no part in this litigation. However, Minnie J. Beverly, who is the Virginia statutory guardian of this nonresident defendant, filed an answer in which she adopted the allegations of the petition and joined in the relief asked in its prayer. However, this did not serve to give the court jurisdiction in this suit over the infant's interest in the land. It is true as held in the case of Shelby v. Harrison, 84 Ky. 144, that where in a suit brought pursuant to section 490 of the Code, a guardian for an infant files an answer adopting the allegations of the petition and joining in the relief asked, such guardian becomes substantially a party plaintiff in the suit, yet to reach such a result, it is necessary that the guardian filing such an answer be one with authority to sue in this state for his

ward. In the Harrison Case, although the guardian of the nonresident infant was himself a nonresident guardian, yet before he filed the answer he did he had, pursuant to section 16, article 2, chapter 48 of the General Statutes 1883, now section 2041, of our Kentucky Statutes, procured authority so to do. In the case of Watts v. Wilson, 93 Ky. 495, 20 S. W. 505, 14 Ky. Law Rep. 463, we held that a guardian appointed by the court of another state has no power to sue for his infant ward or otherwise act as guardian in this state unless authorized by the county court of this state having power to appoint a guardian as provided by section 16, article 2, chapter 48 of the General Statutes 1883, now section 2041 of the Kentucky Statutes. The basis of the ruling was that the provision of the general statute was not repealed by subsection 4 of section 35 of the Civil Code of Practice, but that the two statutes should be construed together and that when so construed, the power to sue given by the Code could be exercised only after authority to bring the action had been granted by the proper county court. This rule was impliedly recognized in the case of Ellis v. Smith's Guardian, 147 Ky. 99, 143 S. W. 776, 777. In that case, brought under subsection 2 of section 490 of the Civil Code of Practice, a nonresident infant was involved. Its nonresident guardian was made a party defendant to the suit which had been brought by the resident guardian. The nonresident guardian filed an answer admitting the allegations of the petition and uniting in its prayer. Speaking to the effect of this action on the part of the nonresident guardian, we said:

"As the nonresident guardian was not authorized to act as guardian in this state, we shall consider this case as if he was not a party defendant, and had not answered."

The court then went on to hold that inasmuch as it was not necessary in an action brought by a guardian under section 490 of the Civil Code of Practice that his ward be made a party defendant to the action and that as the suit in question had been brought by the resident guardian, the judgment ordering the sale passed the infant's interest.

In the case before us, there is no showing in the record that the nonresident guardian ever procured any

authority to represent the infant in this state as prescribed by section 2041 of the statutes. It follows that such nonresident guardian was not authorized to act as guardian in this state and the filing of her answer adopting the allegations of the petition and joining in the prayer for relief did not serve to bring the infant's interest before the court for judgment. It results that as neither the infant nor the infant's interest was before the court for judgment, the sale did not pass her interest, and hence the exceptions to the report of sale based on this ground should have been sustained.

Although this case must be reversed on the ground stated, it perhaps will not be amiss to note the other exceptions insisted upon in order to guide the parties in the preparation of this case for another sale. Some question is made concerning the return on the summons issued against the incompetent defendant. His committee was also a party to the suit and filed an answer adopting the allegations of the petition and uniting in the relief asked in its prayer. In the case of Finzer v. Nevin, 18 S. W. 367, 13 Ky. Law Rep. 773, which was a suit brought under section 490 of the Civil Code of Practice, summons was not served at all on the incompetent defendants but their committee filed an answer, raising no question but a possible one as to the indivisibility of the land involved. The court followed the rule of Shelby v. Harrison, supra, and held that it was not necessary in such state of case for the lunatics to be served at all. As the committee in the instant case filed the answer it did, the court had jurisdiction to pass the interest of the incompetent defendant.

The judgment in the instant case did not provide that the shares of the infant and incompetent should not be paid them but should remain a lien upon the land until the bond provided for by section 493 of the Civil Code of Practice should be executed. See section 497 of the Civil Code of Practice. To avoid any question as to whether the judgment itself must so provide, the judgment hereafter entered herein will so recite.

Lastly, if the nonresident infant is proceeded against solely as a nonresident and her appearance or that of her guardian having authority to act is not properly entered in this case, the bond prescribed by

section 410 of the Civil Code of Practice should be executed.

Judgment reversed for proceedings consistent with this opinion.