## Bowles et al. v. Bowles et al.

(Decided June 23, 1933.)

J. E. CHILDERS for appellant H. C. Bowles.

JEAN L. AUXIER for appellants O. C. Bowles, Jr.'s committee and Joe Mack Bowles' guardian.

JOHNSON & HINTON for appellees M. G. and Bertha Bowles.

ANDREW E. AUXIER for appellees Lorraine and N. A. Chrisman.

W. K. STEELE for appellee Joe Mack Bowles' statutory guardian.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is the second appeal of this case. The opinion on the first appeal was handed down on May 26, 1933, and is reported in 249 Ky. 428, 60 S. W. (2d) 985. As there stated, this is a suit brought under subsection 2 of section 490 of the Civil Code of Practice for the purpose of selling a tract of land in Pike county owned

by a number of individuals of whom one is an infant and one is mentally incompetent, and of dividing the proceeds of such sale.

On the former appeal, numerous objections of a procedural nature were urged against the judgment ordering the sale and from which that appeal had been taken, some of which were sustained by this court and some of which were not. But, because of the objections which were sustained, the judgment was reversed. On the return of the case to the circuit court, the defects which rendered the former judgment erroneous were obviated and cured, and the case was again submitted for judgment. On May 31, 1933, the circuit court entered its judgment again ordering a sale of this land and directing the sale to be held on June 16, 1933. The judgment in part provided that the sale should be advertised by written or printed notices posted at the front door of the courthouse in Pikeville, Pike county, Ky., and in three other public places in the vicinity of the said land for at least 15 days prior to the date of sale; also by notices published in the Pike County News, a weekly newspaper published in Pikeville, Pike county, Ky., in the three weekly issues thereof next preceding the date of the sale. Pursuant to this judgment, the property was advertised, appraised, and sold on the day set in the judgment. The commissioner thereafter having duly made his report of the sale, exceptions were filed thereto by the purchaser, the committee for the incompetent, and the guardian of the infant. These exceptions were overruled, and the sale confirmed. From the order overruling the exceptions and confirming the sale, this appeal is prosecuted.

The only exception which need be noted on this appeal is that relating to the sufficiency of the advertisement. It is true the purchaser renews some of the procedural objections he urged on the first appeal, but either they were then disposed of adversely to his contentions or, where sustained, they have been obviated and cured in the manner in which the former opinion directed they should be cured. The opinion on the former appeal is, of course, as to these matters, the law of the case. Addressing ourselves, then, to the question of the sufficiency of the advertisement directed in the judgment and had pursuant thereto, we find that it is con-

tended that it does not satisfy the requirements of section 14a-1 of the Kentucky Statutes, which reads:

"That in addition to the notices now required by law to be posted, all public sales of any kind of property, when sold under execution, judgment or decree, shall, unless otherwise agreed upon by the parties to such execution, judgment or decree, be advertised in some newspaper published in the county of such sale, if any newspaper be therein published, at least once a week for three consecutive weeks next preceding the day of sale: Provided, That in counties where there is a daily newspaper published or in general circulation, publication of such notice of sale for three consecutive days next preceding the day of sale shall be sufficient. The advertisement shall state the time, place and terms of sale and shall give a description of the property to be sold: Provided, That the newspaper advertisement herein provided for shall not be necessary where the appraised value of the property to be sold is less than one hundred dollars, to be ascertained by appraisement in each case as now provided by law."

The Pike County News, the paper in which the judgment directed the advertisement to be published, appears on Thursdays. The first issue which appeared after the entry of the judgment was June 1st; the second June 8th; and the third June 15th. Thus the advertisement appeared in three consecutive weekly issues of the paper before the day of the sale, but three full consecutive weeks did not elapse between the date of the judgment and the date of the sale. Did such an advertisement, which was in strict conformity with the provisions of the judgment, satisfy the requirements of section 14a-1 of the Statutes? It is argued that it did not because the statute means that the advertisement shall extend over a period of three full consecutive weeks next preceding the day of the sale. On the other hand, it is claimed that the statute simply requires the advertisement to appear in three consecutive weekly issues of the paper next preceding the day of the sale. We are of the opinion that the latter contention is correct. The requirement of posted notices extends over a period of fifteen days only. To construe the statute, then, to require only the insertion of the advertisement

in three consecutive weekly issues of the paper brings the publicity of newspaper advertisement aimed at by the statute in some reasonable relationship to the publicity of posted notices. We further note that, where a daily newspaper is published, it is sufficient if the advertisement appears in the three daily issues next preceding the day of the sale; thus emphasizing the thought that it is the three insertions in the paper upon which the statute insists. The statute does not literally state that the advertisement must be had for three full consecutive weeks. It provides for publication "at least once a week for three consecutive weeks," which means that the publication must appear in the paper at least once in each week of three consecutive weeks. Such was the publication had in the instant case, and, it satisfying the statute, the court did not err in overruling the exceptions to the report of sale based on the lack of proper advertisement and in confirming that sale. Its judgment is affirmed.

Whole court sitting.