## Scott v. A. Arnold & Sons Transfer & Storage Co., Inc.

(Decided April 19, 1938.)

JOSEPH J. KAPLAN, GROVER G. SALES and FRANK A. GAR-
LOVE for appellant.

W. S. HEIDENBERG and WALTER P. LINCOLN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On December 16, 1931, H. J. Scott stored with A. Arnold & Sons Transfer & Storage Company, Inc., a quantity of household goods and agreed to pay storage thereon at the rate of $5 a month. He failed to pay the storage and about twenty months thereafter the storage company advertised the merchandise for sale and sold it for $4.74 in excess of the charges due thereon.

Some time later this action was brought by Scott against the storage company to recover the reasonable value of the merchandise and articles stored. Recovery was asked on the ground that the sale was invalid because of insufficient advertisement, and for the further reason that the storage company sold the merchandise without exhibiting the contents of the boxes, barrels, and cedar chest in which it was stored. In its answer the company denied many allegations of the petition, and pleaded compliance with section 4778, Kentucky Statutes, and other defensive matter which will hereafter be discussed. Plaintiff filed a reply, which was afterwards withdrawn. A demurrer to paragraphs 1 and 2 of the answer to the amended petition was overruled, and the plaintiff having declined to plead further, his petition was dismissed. Plaintiff appeals.

Section 4778, Kentucky Statutes, reads as follows:

"Any property in a warehouse upon which the charges have not been paid for twelve months after the same have become due, unless otherwise provided by contract, the warehouseman may sell such property, or enough thereof to pay the charge, at public auction, at the warehouse or at the courthouse door of the county in which the warehouse is situated. Before any such sale shall be made, the warehouseman shall cause the sale of the property to be advertised for not less than twenty days before the day of the sale, by printed notices posted at the door of the courthouse of the county, and in

three or more public places in the county where the sale is to take place, and by having such notice published at least once a week for at least three weeks in a newspaper of general circulation in the county where the warehouse is situated. Such notice shall contain the day and place of sale, a description of the property to be sold, if known; if not, a description of the package in which it is contained, the amount of charges and the name and place of the residence of the owner, if known; and the warehouseman, at least ten days before the day of sale, shall mail to the owner a notice of the time and place of sale, with a description of the article to be sold and amount of charges.''

The first question for consideration is, Whether the sale was properly advertised? There is no complaint that the printed notices were not properly posted, or that appellant was not notified of the time and place of the sale. The only ground of complaint is that the sale took place on August 22, 1933, and the notice of the sale was published on August 8, August 14, and August 21, 1933, which, it is claimed, was not a compliance with the statute. The argument is that the statute, being in derogation of the common law, should be strictly construed, and, when that is done, there is no escape from the conclusion that the language of the statute requiring that the notice be published ''at least once a week for at least three weeks'' means that the first publication shall be made twenty-one days before the sale. The case has been ably and elaborately briefed, and it is not possible to discuss the numerous decisions bearing on the question. Cases like Jenkins v. City of Bowling Green, 251 Ky. 119, 64 S. W. (2d) 457; Pendley v. Butler County Fiscal Court, 229 Ky. 45, 16 S. W. (2d) 500; Douthitt v. Board of Trustees of Newcastle, 239 Ky. 751, 40 S. W. (2d) 335; Hatfield v. City of Covington, 177 Ky. 124, 197 S. W. 535, construing statutes requiring publication for at least a certain number of weeks, or a certain number of days, are not in point for the reason that a daily publication for the required period of time was necessarily contemplated. We must therefore look to the cases involving substantially the same language. It may be conceded that there is a difference of opinion on the question. On the one hand we have cases like Early v. Doe ex dem. Homans, 16 How. 610, 616, 14 L. Ed. 1079, holding that an ad-

vertisement of a tax sale for eighty-two days before the day of sale was not a compliance with a statute requiring the notice of the time and place to be given in some newspaper "once in each week, for at least 12 successive weeks." On the other hand, we have our own case taking a different view. Thus in Bowles v. Bowles, 250 Ky. 73, 61 S. W. (2d) 1062, 1063, we held that under a statute requiring notices of public sales to be published in a newspaper "at least once a week for three consecutive weeks next preceding the day of sale," publication in three consecutive issues of the paper was sufficient, though three full consecutive weeks did not lapse between the first publication and date of sale. Upon a reconsideration of the question, we find no reason for a different conclusion. In the very nature of things, the word "for" in the statute does not mean "throughout" or "during the continuance of," but in connection with the words "at least three weeks," was employed to indicate the number of weekly insertions, and where that is the case, it is not contemplated that the full number of weeks shall intervene between the first publication and the sale.

It remains to determine whether the sale of the cedar chest alleged to have contained silverware was invalid on the ground that its contents were not exposed to purchasers. Appellant relies upon Adams Express Company v. Schlessinger, 75 Pa. 246, holding that an order of court directing the sale of certain trunks under the Act of December 14, 1863, 6 P. S. Pa. secs. 15-17, did not protect the express company for selling the trunks unopened and locked, without exposing the contents. It must not be overlooked that in reaching that conclusion the court stressed the use of the words in the statute "expose to sale" and held that a sale without describing the contents was not within the meaning of the law directing the manner of sale. Here we have a different situation. The storage company pleaded that the cedar chest was securely locked, and that it did not break the lock as it did not have the legal right to do so. It also pleaded in substance that it did not know the chest contained silverware, and that if this was a fact, it was fraudulently withheld from it in order to procure a lower storage rate. Our statute does not employ the words "expose to sale," but contemplates a situation where the warehouseman might not know of the contents of a box or chest. Thus it is provided

that the notice of sale shall contain "a description of the property to be sold, if known; if not, a description of the package in which it is contained." Clearly, if it was contemplated that the, warehouseman should open a package and expose its contents to those who wished to buy, he would have the same right to open the package for the purpose of advertising its contents, and there would be no necessity for the provision that the notice should contain a description of the package if its contents were not known. Not only so, but appellant, for the purpose of obtaining a lower rate, signed the warehouse receipt declaring that the value of any article, package, or receptacle did not exceed the sum of $25. Though it may be that, if the storage company had been guilty of conversion, the warehouse receipt would not have been available by way of defense, it was calculated to mislead the storage company into the belief that the cedar chest contained nothing of great value, and thus furnish an additional reason why it was under no duty to open the chest and expose its contents. Looking at the case in the light of the statute and all the circumstances, we are constrained to hold that the. sale of the cedar chest was not invalid on the ground that its contents were not exposed at the time of the sale.

Judgment affirmed.