## Gardner et al. v. Board of Drainage Com's of Mayfield Creek Drainage Dist. No. 1 In Graves County et al.

Nov. 13, 1942.

J. E. Warren and F. B. Martin for appellant.

J. C. Speight for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

Appellants, Ed. Gardner and First National Bank of Mayfield, Ky., filed this action against the Board of Drainage Commissioners of Mayfield Creek District No. 1 and S. A. Cross, R. F. Williams and Lubie Heflin, members composing that board, wherein they sought a writ of mandamus to compel the members of the board to reconvene and rescind their election of E. G. Chapman as treasurer of the board, and to elect Gardner in his stead. The chancellor sustained a general demurrer to the petition, appellants declined to plead further, their petition was dismissed and this appeal followed.

The petition alleges Gardner is a resident of Mayfield and is the president of the only two banks of that city, and the office of the board is located in Mayfield; that the defendants, Cross, Williams and Heflin, claim to have been elected members of the board of drainage commissioners pursuant to the November election of 1940; that defendants disregarded KRS Section 268.210 (K. S. Section 2380b-40) an Act of 1918 as amended in 1926, and did not offer to receive bids from the banks in Mayfield to determine whether some officer or employee thereof would pay a fee to serve as treasurer or would serve without remuneration, and wrongfully elected Chapman as treasurer of the board when Gardner was qualified and willing to act as such without remuneration and was able to execute the required bond.

The question raised by the demurrer to the petition is whether or not KRS Section 268.160 (K. S. Section 2380b-12, 1938 Supplement), an Act of 1938, providing that the board should elect some responsible resident of the district as treasurer at a salary to be fixed by the board, did not by implication repeal KRS Section 268.210 (K.S. 2380b-40), an Act of 1918, whereby the board should receive bids from all banks in the city where the office of the board is located so as to ascertain if any bank or

officer or employee thereof would pay for the privilege of serving, or would act as treasurer without remuneration.

In the case of A. C. Pickard, et al. v. S. A. Cross, et al., 292 Ky. 70, 165 S. W. (2d) 990, it was held that the election was void under which the present board members claim office. As they were not the duly elected board, defendants were without authority to name a treasurer, hence the question raised by the demurrer is not now presented to this court and it is not incumbent upon us to decide it. But as the chancellor upheld the action of the board in naming the treasurer, the judgment is reversed for the sole reason that the board, not having been duly elected, was without authority to elect a treasurer. All other questions are expressly reserved.

The judgment is reversed.