## Pickard et al. v. Cross et al.

Nov. 13, 1942.

J. E. Warren and F. B. Martin for appellant.

J. C. Speight for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

S. A. Cross, R. F. Williams and Lubie Heflin, claiming to be the duly elected Drainage Commissioners of Mayfield Creek Drainage District No. 1, located in Graves County, filed this suit in equity against A. C. Pickard, W. T. Lyell and P. R. Brown, individually, and as former members of the board of drainage commissioners of that district, to obtain from defendants the maps, papers, books and records of the district, and to restrain them from acting as the board of drainage commissioners and from interfering with plaintiffs in discharging their duties as such.

The determination of the controversy involves the construction of KRS Section 268.160 (K. S. Section 2380b-12, 1938 Supplement), wherein the General Assembly at its 1938 session, c. 35, amended K. S. Section 2380b-12 (an Act of 1918), and provided for an election of a board of drainage commissioners in lieu of their appointment by the county judge under the 1918 Act. That part of Section 2380b-12 K. S. (Section 268.160, KRS), pertinent to the questions before us reads:

"In all counties * * * where a public ditch * * * shall have been established * * * or may hereafter be established under this act, it shall be the duty of

the county judge of the county wherein such proceeding is pending to divide such drainage * * * district into three precincts as nearly equal in area as practicable, following landholders' property lines, and said county judge shall immediately upon such division appoint a temporary secretary to act for the * * * drainage district board. The secretary for the board shall record the result of the division of the district into precincts by the county judge in the drainage record. Said secretary shall give twenty days notice by publication in a newspaper published in each county wherein any part of the drainage district lies * * * informing the landholders of the district that they may vote for a drainage commissioner for each precinct and the secretary for the board and the district, within a stated time. * * * The votes cast shall be immediately recorded by the secretary in the drainage record * * *; the landholders of the drainage district shall file their votes with the secretary of the board on or before the first Monday in April for drainage commissioners and for secretary for a term of one year, beginning the first of May following. * * * One month after the advertised election shall be completed, or the first Monday in May, if not an advertised election, the elected officers shall take charge of the drainage record. * * * Vacancies in the office of board member or secretary shall be filled by a special election after due advertising as heretofore provided.''

The answer denied the district was divided into three precincts by the county judge as provided by the 1938 amendment, or that plaintiffs were duly elected, or that they were land owners as the statute provided they must be. It is affirmatively averred in the answer that the petition asking that the district be divided into three precincts was filed on Oct. 18, 1940, and on the following day the temporary secretary published a notice in the newspaper authorizing the property owners in the district to elect members of the board of drainage commissioners on or before Nov. 8, 1940; that this was not an election to fill vacancies and if the plaintiffs had been duly elected, they could not have taken office until the first Monday in May, 1941. It is further averred that KRS Section 268.160 (K. S. Section 2380b-12, 1938 Supplement) violated Sections 23 and 19 of the Kentucky Constitution and Section 10, art. 1, of the Federal Con-

stitution in that it provided the commissioners should hold office for a time longer than a term of years, and impaired the obligation of contracts.

Plaintiffs' general demurrer to the answer was evidently sustained by the chancellor although the final judgment inadvertently recites that the defendants' demurrer to plaintiffs' reply was overruled, defendants declined to plead further and the case was submitted on oral testimony. Our reason for asserting this was an inadvertence is that the reply was nothing but a traverse. No transcript of testimony was brought up, and as the chancellor gave plaintiffs the relief sought, we can only consider the demurrer as having been sustained to the answer.

The 1938 amendment provides that upon proper proceedings being filed it shall be the duty of the county judge to divide the drainage district into "three precincts as nearly equal in area as practicable, following landholders' property lines," and that the secretary for the board shall record in the drainage record the result of the division into precincts by the county judge, The answer denies this division had been made by the county judge and alleged that the only order entered by that official relative to the division of the district into three precincts reads:

"In the above matter R. F. Williams, Jeff D. McNeill and S. A. Cross having filed their petition praying for an order of this court directing a division of Mayfield Creek Drainage District No. 1 into three precincts for the purpose of electing a commissioner from each precinct and appointing a temporary secretary to hold an election for that purpose as provided under the amendment of Section 2380b-12 of Carroll's Kentucky Statutes and Acts of the General Assembly as set out in said Acts of 1938, the said petition coming on to be considered.

"It is now ordered that said Mayfield Creek Drainage District No. 1 located in Graves County, Kentucky, be divided into three precincts and that a temporary secretary be appointed by the Court to make the division and hold said election as provided in said Statutes and make report thereof to the Court.

"It is further adjudged that Sherrill Hamlet be

appointed temporary secretary for the purpose of making the division of the Drainage District into three precincts and the election of a permanent secretary.''

It is patent such order did not divide the drainage district into three precincts as contemplated by the statute. It merely directed that a division be made. While the statute does not set out the method by which the division shall be made, yet when we consider the 1938 amendment in conjunction with the 1918 Act, it is manifest that the General Assembly in enacting this amendment intended that the county judge appoint three viewers to make this division. As a condition precedent to the election the drainage district must be divided into three precincts, and as such division was not made, the election was void.

It is the well-established rule in this jurisdiction that where a special election is required by statute to be advertised a given time before the day of the election, such advertisement is mandatory and the election is void unless there is a substantial compliance with the statute. Billington v. Moore, 168 Ky. 22, 181 S. W. 651; Pendley v. Butler County, 229 Ky. 45, 16 S. W. (2d) 500; Cassady v. Jewell, 268 Ky. 643, 105 S. W. (2d) 810; Douthitt v. Board of Trustees of Newcastle, 230 Ky. 751, 40 S. W. (2d) 335. In the Pendley case it was written that where the statute required thirty days notice and the first publication thereof was on the twenty-seventh day preceding the day of the election there was no substantial compliance with the mandatory requirement of the statute.

In the instant case the answer averred the notice stated the election would be held on or before Nov. 8, 1940, the twentieth day following the first publication of the notice; and defendants' brief states the land owners started voting the day the notice was published and continued voting during the twenty-day period the notice ran, which statement was not denied in plaintiff's brief. We are constrained to hold the election void because not advertised as the statute requires.

Nor was the election advertised for or held on the day provided in the statute. This was not an election to fill a vacancy, and although the statute is somewhat ambiguous as to the time for holding an election for drainage commissioners (where vacancies are not to be filled),

we interpret it as meaning that such election is to be held on the first Monday in April. Therefore those elected could not have taken office under the provisions of the statute until the first Monday in May. The statute provides it is only where the election is to fill a vacancy that the successful candidate takes charge of the drainage records one month after the election. The record does not show the exact date the plaintiffs took office, but we know it was prior to the first Monday in May following the election because this action was filed by them on Jan. 24, 1941, to obtain possession of the records.

Section 10, art. 1, of the Federal Constitution was not violated by the 1938 amendment as it did not impair the bondholders' lien nor affect it in any manner. Nor did it run afoul of Section 23 of the State Constitution forbidding the General Assembly to create an office for a longer time than a term of years. The amendment provides that the board of drainage commissioners and its secretary shall be elected for a term of one year. The omission of the statute to provide for an annual election after the first one is held is not fatal. As the term for which these officers are to be elected is one year, it clearly follows that the General Assembly intended them to be elected annually thereafter on the first Monday in April. It is unnecessary to discuss the other questions raised in the briefs.

The judgment is reversed with direction to dismiss the petition since the provisions of the statute were not complied with as above indicted and the election by virtue of which plaintiffs claim to hold office is void.