CITY OF OLIVE HILL, Appellant,

v.

P. S. HOWARD et al., Appellees.

Court of Appeals of Kentucky.

Dec. 3, 1954.

of three weeks within the meaning and requirement of KRS 81.210.

The City of Olive Hill, by its governing body, enacted an ordinance on January 18, 1954, wherein it sought to annex additional territory. The ordinance was published in the Carter County Herald, a newspaper published weekly in Olive Hill, on January 21, January 28, and February 4, 1954. No publication was made by any other method. On February 5, 1954, the city filed its complaint in the Carter Circuit Court, praying for a judgment to annex the proposed territory pursuant to KRS 81.210.

The determining question involves the interpretation of KRS 81.210 and is whether under this statute fifteen days' publication of the ordinance is sufficient or whether the full three weeks or twenty-one days is required.

The appellant contends that the publication from January 21, 1954, to February 4, 1954, a total of fifteen days, was sufficient under the statute, relying upon the decisions of Bowles v. Bowles, 250 Ky. 73, 61 S.W.2d 1062, and Scott v. A. Arnold & Sons Transfer & Storage Co., Inc., 273 Ky. 163, 116 S.W.2d 296.

Appellees contend that the requirement of the pertinent statute means twenty-one days.

KRS 81.210 reads as follows:

"* * * The ordinance shall be published for *not less than three weeks* (our emphasis) in a newspaper published in the city or county. If there is no newspaper published in the city or county, the ordinance shall be advertised by handbills posted for at least fifteen days at four or more public places in the city, and at the same number of the most public places within the territory proposed to be annexed or stricken off. * * *"

Since there was no effort at publication made other than by the local newspaper, the Court is not concerned with publication by handbills.

W. H. Counts and R. T. Kennard, Olive Hill, for appellant.

H. R. Wilhoit, Grayson, for appellees.

MONTGOMERY, Justice.

This is an appeal from an order dismissing the complaint of the City of Olive Hill, a city of the fourth class, seeking to annex additional territory to its corporate limits. The complaint was dismissed on the ground that the ordinance had not been advertised in the local newspaper for a period

In the case of Fisher v. Booher, 269 Ky. 501, 107 S.W.2d 307, 309, wherein a local option election was contested on the ground that the notice of the election was not published in the weekly newspaper for at least two weeks before the election as provided in the statute, this Court said, and cited numerous other cases, that:

" * * * It will be seen that in a long line of decisions dating many years back, up to and including the recent case of Cassady v. Jewell, supra [268 Ky. 643, 105 S.W.2d 810], the phase 'for at least two weeks' or 'two weeks' and other similar expressions have been construed to mean fourteen days. It is true that in some circumstances and for certain purposes a week may mean a calendar week. But when dealing with publication of notice of a thing to be done it is commonly understood that the word 'week' means seven days, and the words 'two weeks' mean fourteen days. * * * "

The Court construed the statute with reference to a special election to vote on county road bonds which required notice by newspaper publication "at least thirty days", Ky.St. 1922, § 4307, to mean that the publication should be at least thirty days rather than twenty-seven days as was the case in Pendley v. Butler County Fiscal Court, 229 Ky. 45, 16 S.W.2d 500, 501.

Again, in Jenkins v. City of Bowling Green, 251 Ky. 119, 64 S.W.2d 457, the Court, in a discussion of the statutory requirement for newspaper publication for the advertisement of bids for street improvement, held that the phrase "for two consecutive weeks", Ky.St. § 3454, meant fourteen days.

The statute, Ky.St. § 3705, governing the publication necessary for a bond issue election in a sixth class town providing for "at least two weeks" publication required fourteen days' publication instead of eleven days. Douthitt v. Board of Trustees of Newcastle, 239 Ky. 751, 40 S.W.2d 335, 336.

A full discussion of the question involved in this case is had in the opinions cited. The only difference in the statutes involved in the cases cited and in the instant case is that in those cases the phrase "at least" is used while in this case the phrase is "not less than three weeks."

It is to be seen from the decision in Fisher v. Booher, supra, that a week means seven days. In the light of the above decisions, there is no distinction between "at least" and "not less than," each meaning that the prescribed amount of publication is a mandatory minimum. Therefore, the requirement of KRS 81.210 for not less than three weeks means that the publication must extend for not less than twenty-one days, and, accordingly, the publication of fifteen days was not sufficient.

The cases of Bowles v. Bowles, supra, and Scott v. A. Arnold & Sons Transfer & Storage Co., Inc., supra, relied upon by appellant, are distinguished from this case because the language of the statutes provides for publication of "at least once a week for three consecutive weeks." [250 Ky. 73, 61 S.W.2d 1063.] It will be seen that these statutes place the emphasis on the minimum number of times of publication rather than a minimum length of time.

Appellant also raises the question as to whether or not the commencement of a similar action prior to the instant action and its dismissal by order without prejudice is a bar to the filing of this action, or a similar action, within the two-year period under the statute as being an adverse judgment. The determination reached herein on the question of publication renders it unnecessary to decide this question now. Likewise, the request of counsel for appellant to rule on the question of whether or not the former action or this action would bar the filing of a future action of the same nature under KRS 81.210 is not before the Court at this time.

Judgment affirmed.