**Edra KENNARD, Individually and as Guardian of Ollie and Reva McGraw, Appellant,**

**v.**

**Celina McGRAW et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 12, 1969.

Marcus Mann, Salyersville, for appellant.

J. Blaine Nickell, West Liberty, for appellees.

PALMORE, Judge.

The appellant, Edra Kennard, acting under an Ohio appointment as guardian for Ollie McGraw and Reva McGraw, brought this action in the Morgan Circuit Court to establish their title to certain real estate and to have sold that portion of it in which they claim undivided fractional interests.

She appeals from an order dismissing the complaint without prejudice on the ground that she does not have capacity to sue. CR 17.03(1).

The complaint alleged that Edra Kennard and her wards are residents of Germantown, Ohio. Annexed as exhibits were authenticated copies of an order of the Montgomery County, Ohio, Probate Court entered on June 24, 1966, appointing Mrs. Kennard as guardian of the persons and estates of Ollie and Reva McGraw, incompetents, and certificates to the effect that the court had exclusive jurisdiction to appoint and control guardians and that Mrs. Kennard had accepted the appointments and executed bond as required.

The defendants moved to dismiss the complaint upon the grounds, among others, that Mrs. Kennard, as guardian in Ohio, has no capacity to sue in this state and that Celina McGraw, one of the defendants, had been appointed by the Morgan County Court (Kentucky) as committee for Ollie and Reva and is the only person with capacity to maintain an action for them in Kentucky.

The order of dismissal, from which the appeal to this court was taken, reads as follows:

"Upon motion of defendants it is ordered that this action be dismissed without prejudice.

"This action involves Ollie McGraw and Reva McGraw, persons of unsound mind. CR 17.03(1) provides: 'Action involving unmarried infants or persons of unsound mind shall be brought by the party's guardian or committee, but if there is none, or such guardian or committee is unwilling or unable to act, a next friend may bring the action.' There is no showing that Celina McGraw, the committee of the incompetents, is unwilling or unable to act, and if such were true, was not brought by a next friend."

Pursuant to CR 75.01 Mrs. Kennard designated as her appellate record the complaint, the motion to dismiss, the order of dismissal, and certain other papers which are not material to this discussion. The designation was not accompanied by a statement of points (CR 75.04), and we cannot tell from it or from the contents of the designated documents themselves whether it embraces the entire record (exclusive of the nonessential papers specified in CR 75.04) or only a partial record. We therefore presume that the appellate record so designated reflects the entire trial court record. On that basis we conclude that the dismissal was erroneous.

■ It is a statutory requirement that the nonresident guardian of an infant procure authority from the local county court to sue in this state. KRS 387.190. However, there is no such provision with respect to the nonresident guardian or committee of a nonresident incompetent. Under § 35–4 of the old Civil Code it was held that the nonresident guardian could sue in this state without further authority. Blackburn v. Browning's Guardian, 245 Ky. 181, 53 S.W. 2d 347 (1932); Rodes, Judicial Sales of Real Property, pp. 44–45 (1941). CR 17.03 (1) draws no distinction between residents and nonresidents, "since a nonresident person under disability has as much right to sue in the courts of this State as does any other nonresident." Clay's Kentucky Practice, CR 17.03, Comment 8.

■ From its phraseology, the order of dismissal apparently was based on a finding by the trial court that Celina McGraw, and not Mrs. Kennard, is the legal representative of the incompetents. The brief for appellees tells us a hearing was held in which Celina McGraw testified. We cannot, of course, go outside the record to consider this gratuitous information. But even if we did recognize it, the fact remains that Mrs. Kennard's allegations of guardianship, on which her right to sue depends, stand unanswered and thus undenied. Unless and until an issue in that respect is raised by an appropriate pleading it cannot properly be held that she has no capacity to main-

tain the action, regardless of what Celina McGraw's status and rights may be.

The judgment is reversed and the cause remanded for further proceedings.

All concur.